# Exhibit 4

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TEXAS SECRETARY OF STATE
1019 BRAZOS STREET
AUSTIN, TX 78701

2021-35665

9590 9402 4408 8248 6010 38

2. Article Number (Transfer from service label)

7018 1830 0001 4426 7985

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

TX Comptroller Mail

JUL 15 2021

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    2021-35665  165    Domestic Return Receipt

USPS TRACKING #

9590 9402 4408 8248 6010 38

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States Postal Service



FILED
MARILYN BURGESS
DISTRICT CLERK
HARRIS COUNTY, TEXAS
21 JUL 23 AM
07-23-2021
BY_____
MAIL PROCESSING

• Sender: Please print your name, address, and ZIP+4® in this box•

**MARILYN BURGESS, DISTRICT CLERK**
**HARRIS COUNTY, TEXAS**
**CIVIL INTAKE**
**P.O. BOX 4651**
HOUSTON, **TEXAS 77210**

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent ☐ Addressee<br>B. Received by *(Printed Name)*    C. Date of Delivery<br>TX Comptroller Mail<br>JUL 15 2021 |
| 1. Article Addressed to:<br><br>**TEXAS SECRETARY OF STATE**<br>**1019 BRAZOS STREET**<br>**AUSTIN, TX 78701**<br><br>2021-35665<br><br>‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 4408 8248 6010 21 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery (over $500)    ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number *(Transfer from service label)*<br>7018 1830 0001 4426 7992 | |

PS Form 3811, July 2015 PSN 7530-02-000-9053    2021-35665 165    Domestic Return Receipt

USPS TRACKING #

9590 9402 4408 8248 6010 21

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service



FILED
MARILYN BURGESS
DISTRICT CLERK
HARRIS COUNTY, TEXAS

21 JUL 23 AM 8: 35

07-23-2021

BY_____
MAIL PROCESSING

• Sender: Please print your name, address, and ZIP+4® in this box•

**MARILYN BURGESS, DISTRICT CLERK
HARRIS COUNTY, TEXAS
CIVIL INTAKE
P.O. BOX 4651
HOUSTON, TEXAS 77210**

6/14/2021 5:08 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 54400770
By: Marcella Hill
Filed: 6/14/2021 5:08 PM

CAUSE NO. _____

| | | |
|---|---|---|
| SAFETY VISION, LLC | § § § | IN THE DISTRICT COURT OF |
| VS. | § § § § | HARRIS COUNTY |
| LEI TECHNOLOGY CANADA AND LANNER ELECTRONICS, INC. | § § § § | \_\_\_\_ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, SAFETY VISION, LLC, files this Original Petition, and as grounds therefor would respectfully show unto this Court the following:

**I.**

**DISCOVERY**

1. Plaintiff intends to conduct discovery under Level 2 of the Texas Rules of Civil Procedure.

**II.**

**PARTIES**

2. Plaintiff, SAFETY VISION, LLC ("SV") is a Texas limited liability company with its principal place of business and home office at 6100 West Sam Houston Parkway North, Houston, Harris County, Texas 77041.

3. Defendant, LEI Technology, Ltd. ("LEI") is a business entity who, among other things, entered into contracts with Texas residents and Texas companies which are performable, in whole or in part, within the State of Texas. As far as known to Plaintiff, upon information and

1

belief, Defendant does not maintain a regular place of business in Texas in Harris County, Texas. or a designated agent for service of process. The claims asserted herein arise out of business done by Defendants in the State of Texas.

4. Defendant Lanner Electronics, Inc., (" Lanner") is the parent company of LEI and may be served in the same manner and place as Defendant LEI.

5. The parties contemplated that the products designed, manufactured and sold by LEI would be and were in fact delivered to Plaintiff and would be performable and, in fact, were performed in whole or in part in Texas. Accordingly, LEI may be served with process pursuant to TEX. CIV. PRAC. & REM. CODE §17.041 et seq. by serving its agent for service, being the Secretary of State for the State of Texas, 1019 Brazos Street, Austin, Travis County, Texas 78701.

6. Plaintiff requests that the District Clerk issue duplicate copies of non-resident citation ("Citation") for each named Defendant for service upon the Texas Secretary of State, at 1019 Brazos Street, Austin, Texas 78701. Plaintiff further requests that, upon receipt of the Citation, the Texas Secretary of State shall forward by registered or certified mail, return receipt requested, such process by serving the President or Vice-President of Lanner Electronics, Inc. at 3106 A Orlando Drive, Mississauga, Ontario, Canada L4 V_IR5.

7. LEI may be served with process by delivering a copy of the citation and of the Petition to its chief executive officer or it's President at LEI's designated business address at 3106 A Orlando_ Drive, Mississauga, Ontario, Canada L4 V_IR5. Alternatively, LEI may be served with process at that address by registered mail or certified mail, return receipt requested, delivery restricted to addressee or upon such other authorized person of LEI.

7. The claims asserted herein are out of business done by Defendants in the State of Texas. SV signed the Agreement (that is the subject of this suit) in Texas and the parties

2

contemplated that the services and goods delivered by Defendants would be performable and, in fact, were performed in Texas.

### III.

### JURISDICTION

8. This Court has jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

9. Additionally, this Court has jurisdiction over Defendants, each a nonresident, because Defendants purposefully availed itself of the privileges and benefits of conducting business in Texas by (a) transacting business in Texas and by entering into a contract with Plaintiff[1], a Texas business in Texas; and (b) by contracting with others in the State of Texas for the purpose of soliciting sale orders for the purchase and delivery of its products within the State of Texas.

### IV.

### VENUE

10. Venue is proper in Harris County, Texas, because this is the county in which Plaintiff's principal place of business and home office, and this is the county in which all or a substantial part of the events or omissions giving rise to the claims occurred. In addition, pursuant to the terms of the *ODM Agreement* by and between Plaintiff and Defendant dated January 16, 2016, Defendants consented, in writing, to the personal and subject matter jurisdiction of the State of Texas, and to venue in Harris County, Texas. [2]

---

[1] See, *ODM Agreement* by and between Plaintiff and Defendant dated January 16, 2016.

[2] 17.7 Choice of Law: This Agreement shall be governed by and construed in accordance with the laws of the State of Texas, without reference to its choice of law rules. Any claim or litigation brought under or relating to this Agreement shall be brought in a court of competent jurisdiction located in Harris County, Texas.

3

## V.

## **FACTUAL BACKGROUND**

11. SV manufactures, markets, installs, distributes and sales a broad range of products including video equipment, primarily to mass transit, law enforcement, pupil transportation, first responders and trucking markets and other related industries.

12. LEI and Lanner engineer, design and manufacture computer embedded hardware equipment and custom OEM hardware services for a wide variety of industries, including the mobile video industry.

13. In connection with its core business, SV provides hardware and software solutions for video mobile products and equipment to its customers, and as a component thereof, promotes strategic placement and sales of its products in certain specialized markets and venues, directly or with other product lines.

14. SV has been in the business of promoting and selling multiple product lines as an independent sales representative and distributor of mobile cameras and surveillance systems dating back to 1993 and has developed customer relationships on a national and international scale dating back 29 years, long before the Agreement that is the subject of this lawsuit was entered into.

15. The lawsuit is necessitated as a result of the sudden, unilateral action by LEI (or its purported assigns) on June 11, 2021 when it wrongfully demanded payment from SV claiming a purported balance of approximately $ 244,928. This letter was several months (more than 90 days) of LEI's refusing and persistent failing to acknowledge the claims of SV for product defects and assorted failures with estimated costs and damages to SV, which sum is far above any amounts Defendants (or its assigns) claim is due and owing.

16. This lawsuit is about enforcing the Agreement dated January 16, 2016 incorporated herein by reference as Exhibit A.

17. SV has been seriously aggrieved as a result of LEI's refusal and failure to cure the manufacturing and design defects in the product it sold to SV and the associated costs and damages suffered by SV.

18. Documents to substantiate the basis or ground for the relief and remedy sought hereunder include the numerous emails, purchase orders and Agreement, and other like internal documents in the possession of LEI.

19. In addition, SV sent a letter dated March 11, 2021 to LEI to which LEI did not reply. This letter provided LEI an opportunity to abide by the Agreement and cure the ongoing problems and to pay SV for the costs it incurred to make the product work. Again, LEI chose not to do so.

20. Without a reply from LEI and assurances to abide by the terms and spirit of the Agreement, SV is left no choice but to protect its rights by filing this lawsuit

VI.

## CAUSES OF ACTION

### Breach of Contract

21. Defendants agreed to make, engineer, design and manufacture the custom product/equipment in a good and workmanlike manner so that it would operate and function without material fault. In this connection, Defendants have failed and refused to comply with its obligations under the Agreement and continue to ignore and refuse to pay to Plaintiff the sums it has incurred for the defects and shortcomings in the product Defendants engineered, designed and manufactured and delivered to Plaintiff, thereby causing additional and ongoing damages to

5

Plaintiff in an unspecified amount. The actions of said Defendants as described hereinabove constitute breach of contract, which proximately caused damages to Plaintiff as described herein, for which Plaintiff hereby sues.

In addition to the foregoing, the Agreement is a personal services contract and is not assignable. Any assignment of the Agreement is invalid, and void as a matter of law.

### **Declaratory Judgment**

22.     To the extent it becomes necessary to give full effect to the Agreement, SV would show that it is interested under a written contract or other writings constituting a contract (*i.e.*, the Agreement); or whose rights, status or other legal relationships are affected by a contract (*i.e.*, the Agreement); and that a justiciable controversy exists between the parties which can be resolved via a declaratory judgment. Accordingly, SV is entitled to declaratory relief under the Declaratory Judgments Act and seeks a declaration as to the parties' rights, status or other legal relationships arising under the Agreement, including, *inter alia*, the enforceability of the Agreement in accordance with its terms and applicable law and the non-assignability of the Agreement.

### **Attorneys' Fees**

23.     Plaintiff is entitled to recover all of its costs and reasonable and necessary attorneys' fees pursuant to Chapter 38 of the TEX. CIV. PRAC. REM. CODE.

### VII.
### **CONDITIONS PRECEDENT**

24.     Plaintiff would show that all conditions precedent to its right to recover as herein alleged, if any, have occurred, have been performed, or have been waived or excused.

6

## VIII.

## **REQUEST FOR DISCLOSURE**

25. Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or materials described in Rule 194.2 T.R.C.P.

## IX.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Safety Vision, LP, seeks judgment against Defendants, LEI Technology Canada and Lanner Electronics, Inc., for an amount in excess of the minimum jurisdictional limits of the Court, together with interest therein at a statutory rate prior to judgment; post-judgment interest at a maximum legal rate provided by law, all costs of Court and reasonable attorneys' fees, including attorneys' fees for any and all appeals; and for all such other and further relief to which the Plaintiff may be justly entitled.

Respectfully submitted,

By:   */s/Patrick J. McGettigan*
Patrick J. McGettigan
SBOT#13624500
13625 Ronald Reagan Blvd.,
Building One, Suite 100
Cedar Park, TX 78613
(512) 512-748-8371 Cell
(512) 476-1121 Office
(512) 476-1131 Facsimile
pmcgettigan@inhousegc.com

ATTORNEY FOR PLAINTIFF

7

Case 4:21-cv-03306   Document 1-4   Filed on 10/08/21 in TXSD   Page 13 of 20

10/4/2021 10:06 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 57832227
By: Kevin Childs
Filed: 10/4/2021 10:06 AM

CAUSE NO. 2021-35665

| | | |
|---|---|---|
| SAFETY VISION, LLC | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| LEI TECHNOLOGY CANADA AND | § | |
| LANNER ELECTRONICS, INC. | § | |
| *Defendants.* | § | 165TH JUDICIAL DISTRICT |

## DEFENDANT LEI TECHNOLOGY CANADA'S ORIGINAL ANSWER and COUNTERSUIT AGAINST SAFETY VISION

COMES NOW, LEI TECHNOLOGY CANADA. ("Defendant" or "LEI") Defendant in the above-captioned and numbered cause, and files this, its Original Answer and Countersuit against SAFETY VISION, LLC ("Plaintiff" or "Safety Vision") and would respectfully show unto the Court as follows:

### I.
### GENERAL DENIAL

1.1. Defendant denies generally each and every allegation in Plaintiff's Original Petition and requests Plaintiff be required to prove its allegations by a preponderance of the evidence in accordance with the laws of the State of Texas. Defendant reserves the right to amend this Answer to add other defenses as are appropriate and allowable under the laws of the State of Texas.

### II.
### ADDITIONAL DEFENSES

2.1. Answering further, Defendant denies that Plaintiff has met all conditions precedent to its right to recover damages under the contract. *See* Ex. A to Plt's Orig. Pet. Defendant denies further that any conditions precedent have been waived or excused.

2.2. LEI denies that it breached the contract between it and Safety Vision.

2.3. Plaintiff accepted the products it complains of in its Original Petition because

Plaintiff inspected, or had the opportunity to inspect, the products and failed to notify Defendant of any alleged nonconformity pursuant to the contract terms. *See id.*

2.4. To date, Plaintiff has retained possession of the products without payment pursuant to the contract terms.

2.5. Plaintiff's damages, if any, may have resulted from new and independent causes unrelated to any conduct of Defendant.

2.6. Defendant's liability for Plaintiff's alleged damages are limited by the contract. *See id.* Further, Defendant is not responsible for any expenses or damages allegedly incurred by Plaintiff due to acts of Third Parties or Plaintiff's own acts, conduct, negligence and/or failure to mitigate its damages.

### III.
### COUNTERCLAIM

3.1. **SERVICE:** LEI now acting as Counter-Plaintiff, brings this counter suit against Counter-Defendant, Safety Vision. Safety Vision filed this suit and thereby appeared and is being served with this counter suit through its counsel pursuant to the Texas Rules of Civil Procedure.

3.2 LEI alleges further that Safety Vision breached the contract, specifically, Section 7. Payment, subsection 7.1. by not making payments for products received. Safety Vision owes LEI $244,927.70 for products it received and accepted under the contract.

### IV.
### RULE 193.7 NOTICE

4.1 In accordance with Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby provides written notice to Plaintiff that any and all documents produced during discovery may be used against Plaintiff at any pre-trial proceeding and/or trial of this matter without the

necessity of authenticating the document.

## V.
### NOTICE OF REQUIRED DISCLOSURES

5.1     Under the Texas Rules of Civil Procedure 194, all parties must make their initial disclosures within 30 days after this Answer is filed.

## VI.
### JURY DEMAND

6.1     Defendant respectfully demands a jury for the trial of this matter.

## VII.
### CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant LEI TECHNOLOGY CANADA prays that Plaintiff take nothing by this suit, that Defendant be awarded $244,927.70 under the contract and attorneys' fees pursuant to Texas Civil Practices and Remedies Code §38.001, all other allowable costs and expenses incurred on its behalf, and for such other and further relief, both at law and in equity, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

*/s/ Kimberly Snagg*
**DARRELL L. BARGER**
State Bar No.01733800
dbarger@hdbdlaw.com
**KIMBERLY R. SNAGG**
State Bar No. 24075099
ksnagg@hartlinebarger.com
**HARTLINE BARGER L.L.P.**
1980 Post Oak Blvd., Suite 1800
Houston, Texas 77056
Telephone:  (713) 759-1990
Facsimile: (713) 652-2419

**ATTORNEYS FOR DEFENDANT
LEI TECHNOLOGY CANADA**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known parties and counsel of record in this cause in accordance with the Texas Rules of Civil Procedure on this the 4th day of October, 2021.

Patrick J. McGettigan
13625 Ronald Reagan Blvd.
Building One, Suite 100
Cedar Park, TX 78613
Phone: 512-476-1121
Fax: 512-476-1131
Email: pmcgettigan@inhousegc.com
*Attorney for Plaintiff*

                                                */s/ Kimberly Snagg*
                                                **KIMBERLY R. SNAGG**

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kimberly Snagg on behalf of Kimberly Snagg
Bar No. 24075099
KSnagg@hartlinebarger.com
Envelope ID: 57832227
Status as of 10/4/2021 10:36 AM CST

Associated Case Party: LEI Technology Canada

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Brenda Hernandez | | bhernandez@hartlinebarger.com | 10/4/2021 10:06:06 AM | SENT |
| Mary McCoy | | mmccoy@hartlinebarger.com | 10/4/2021 10:06:06 AM | SENT |
| Kimberly Snagg | | ksnagg@hartlinebarger.com | 10/4/2021 10:06:06 AM | SENT |
| Darrell Barger | | dbarger@hartlinebarger.com | 10/4/2021 10:06:06 AM | SENT |

| HCDistrictclerk.com | SAFETY VISION LLC vs. LEI TECHNOLOGY LTD | 10/8/2021 |
|---|---|---|
| | Cause: 202135665    CDI: 7    Court: 165 | |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 98218457 | DEFENDANTS ORIGINAL ANSWER | | 10/04/2021 | 5 |
| 97094689 | Domestic Return Receipt | | 07/23/2021 | 2 |
| 97094690 | Domestic Return Receipt | | 07/23/2021 | 2 |
| 96834293 | Certified Mail Receipt | | 07/12/2021 | 1 |
| 96834294 | Certified Mail Receipt | | 07/12/2021 | 1 |
| 96755198 | Certified Mail Tracking Number 7018 1830 0001 4426 7992 | | 07/09/2021 | 2 |
| 96755199 | Certified Mail Tracking Number 7018 1830 0001 4426 7985 | | 07/09/2021 | 2 |
| 96738574 | LEI Request of Issuance of Service | | 07/08/2021 | 1 |
| ·> 96738576 | Filing letter | | 07/08/2021 | 1 |
| ·> 96738575 | Lanner Request of Issuance of Service[1] | | 07/08/2021 | 1 |
| 96342256 | Plaintiff's Original Petition | | 06/14/2021 | 7 |
| ·> 96342257 | Exhibit A | | 06/14/2021 | 12 |

# **INDEX**

a. All executed process in the case;

b. Pleadings asserting causes of action;

c. All orders signed by the state judge;

d. The docket sheet;

e. A list of all counsel of record, including addresses, telephone numbers and parties represented.

f. Notice of Removal

COUNSEL OF RECORD:

Patrick J. McGettigan

13625 Ronald Reagan Blvd.

Building One, Suite 100

Cedar Park, TX 78613
Phone: 512-476-1121

Fax: 512-476-1131

Email: pmcgettigan@inhousegc.com

ATTORNEY FOR PLAINTIFF


DARRELL L. BARGER

Federal ID No. 646

dbarger@hdbdlaw.com

KIMBERLY R. SNAGG

Federal ID No. 1128938

ksnagg@hartlinebarger.com

HARTLINE BARGER L.L.P.

1980 Post Oak Blvd., Suite 1800

Houston, Texas 77056

Telephone:  (713) 759-1990

Facsimile: (713) 652-2419

ATTORNEYS FOR DEFENDANT

LEI TECHNOLOGY CANADA