IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAFETY VISION, LLC | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-03306 |
| | § | |
| LEI TECHNOLOGY CANADA AND | § | |
| LANNER ELECTRONICS, INC. | § | |
|    *Defendants.* | § | |

## PLAINTIFF SAFETY VISION'S EXPEDITED
## MOTION TO COMPEL DEFENDANT TO PRODUCE DOCUMENTS

Plaintiff, SAFETY VISION, LLC ("SAFETY VISION", "SV" or "Plaintiff") pursuant to Fed R. Civ. P. 37(a), moves the Court to order Defendant, LEI TECHNOLOGY CANADA ("LEI "), within 5 business days, to produce the documents to Plaintiff that have been withheld by LEI. This motion is primarily about internal emails by, between and among Defendants LEI and Lanner Electronic, Inc., LEI's parent company[1] that have not been produced.

### I.

### SUMMARY OF MOTION AND RELIEF REQUESTED

1.    SV states as follows:

    a) On the eve of the discovery cut-off date of June 12, 2023, several months following SV's Request for Production, LEI "supplementally" produced documents on May 30, 2023

---

[1] The ODM Agreement dated January 12, 2016 recital on page 1 says: "*LEI, through its parent company, Lanner Electronics, Inc. desires to design, manufacture and sell embedded computer systems…*" see. Doc.1-2. ../CM ECF filings/1-2.pdf

1

primarily consisting of emails[2]. The total volume was 9,468 documents, approximately 66,576 pages, comprising about 2.8 GB of electronic data. Despite this large volume, there were virtually no internal emails produced between Defendants LEI and its parent company, Lanner Electronics, Inc. In fact, only 4 internal emails were produced between Defendants dated August 3, 2018, January 8, 2020 and January 9, 2020. Copies of said internal emails are attached hereto as Exhibit A.

b) This paucity of internal emails was grossly disproportioned to the production of the number of emails between SV and LEI/Lanner between 2016 and 2020. For example, without a Request for Production from Defendant, Plaintiff originally produced 1,1179 documents[3], largely consisting of emails between Plaintiff and LEI/Lanner.

c) Thereafter, On or about February 2, 2022. Defendant originally produced bate stamp LEI 0001-00279 consisting of only a handful of emails, marked bate stamp LEI 00076-00087; 00090. On or about May 31, 2023, LEI produced Supplemental docs (without bate stamp nos., and largely in native format).

2. This May 30, 2023 document production came very late (more than 180 days after the Response to the Request for Production was filed) yet the promise was repeatedly made that a supplemental production was forthcoming[4] and would occur before the unconfirmed delayed deposition dates. For example, a May 20 email from opposing counsel reiterated: *"As we discussed, I am working with my clients in Taiwan to provide you with additional documents. I hope to have those to you by the end of the week. I am also working to confirm depositions as*

---

[2] Produced in native format without bate stamp or other identification.
[3] SV bate stamp nos. SV LEI 1-1179.
[4] LEI's initial response said "Defendant continues to search for any additional documents".

*requested.* See attached emails[5] <u>Exhibit B</u>.

3.     In conferences and emails, Defendant simply says it has produced all the documents. It has not. Common sense dictates[6] there are more than 4 internal emails in the 5-year period of the relationship beginning with the ODM Agreement in January 2016 and ending in June 2021 when the lawsuit was filed.  The missing emails are believed to show that Lanner and LEI were internally sharing information about the ongoing failures and deciding how and when to address those failures with SV (if at all), including the causes of those failures in terms of its own design, manufacturing and production. An example is the heat tray defect that resulted in Lanner suggesting a short term solution (rubber handles and mylar protection from the unaccountable extreme heat) and long term solution (none--because as Lanner reported of the "current mechanical architecture" of the Product Lanner designed). See LEI Bate Stamp no. 155-167 a copy of which is attached hereto as <u>Exhibit D.</u>  These internal conversations in the form of emails will likely reveal Lanner's awareness and knowledge of the reasons for repeated product failures and the decision to take no action such as root cause analysis.

4.     LEI Technology Canada (now known as Lanner Canada) is a Canadian business entity with offices in Mississauga, Ontario, Canada.  Lanner Electronics, Inc., the parent company, is a Taiwanese electronics manufacturer specializing in network appliances, listed on the Taiwan exchange (TAIEX 6245)[7] with principal offices in Taipei, Taiwan and other offices and locations in the USA, Canada, Europe and China. Neither party (and their employees or former employees) is amenable to traditional means of discovery, and understandably the attorney for Defendant LEI has indicated some difficulty (both language and distance variables) collecting data,

---

[5] Email exchanges dated May 3, May 17, May 20, and May 24,2023.
[6] See, Exhibit C emails attached hereto.
[7] https://www.lannerinc.com/

3

witnesses (most of whom are no longer employed by Defendant LEI), and confirmation of deposition dates, as explained to the undersigned several times in phone calls and emails.

## II.

## LAWSUIT SUMMARY

5. Plaintiff contends:

This case is about non-conforming and ongoing failures of mobile network video equipment sold by LEI to Plaintiff who in turn sold to its various customers in the mobile mass transit industry. Plaintiff alleges a breach of contract against Defendants[8] arising from repeated and ongoing failures of "computer embedded" hardware and custom ODM equipment designed, engineered, and manufactured by Defendants. Plaintiff brought suit in June 2021 following several product failure notices to LEI, including the last one dated March 11, 2021.[9] ../CM ECF filings/1-3.pdf

6. Defendant contends:

Defendant LEI denies the equipment at issue is defective in its design, engineering or manufacturing. Defendant has also filed a counterclaim for breach of contract and demanded payment for an alleged balance of $244,928.

## III.

## PROCEDURAL HISTORY
## AND BACKGROUND

7. On June 14, 2021, Plaintiff filed its Original Petition, (hereinafter the "Complaint") in the 165th Harris County District Court in cause no. 2021-35665. (Doc. 1-1).

---

[8] Including Defendant Lanner Electronics, Inc. who was served via the Texas Secretary of State but has not replied. See Doc. 1-4.
[9] See. Doc. 1-3

8. On October 4, 2021, Defendant/Counter Plaintiff LEI filed its Original Answer and Counterclaim. Defendant Lanner Electronics, Inc. did not and has not filed an answer or otherwise responded to the Complaint. Lanner Electronics, Inc. ("Lanner") is the parent company of LEI. (See, ODM Agreement 1st page recital "LEI….through its parent company, Lanner Electronic, Inc.".) Doc. 1-2[../CM ECF filings/1-2.pdf](../CM ECF filings/1-2.pdf).  Plaintiff made service upon Lanner at Lanner's place of business in Canada by the Harris County District Clerk serving the Texas Secretary of State by certified mail.  The Citation issued shows the service address as the same as LEI, being 3160 A, Orlando Drive, Mississauga, ON L4V 1R5, Canada (Doc. 1-4)  [../CM ECF filings/1-4.pdf](../CM ECF filings/1-4.pdf)Lanner is a Taiwanese company with its headquarters and business office in New Taipei City, Taiwan. Taiwan is not a member of the Hague Convention.

9. On October 8, 2021, Defendant LEI filed its Notice of Removal to the US District Court, Southern District of Texas (Doc.1)  [../CM ECF filings/1.pdf](../CM ECF filings/1.pdf)

10. A Joint DiscoveryCase Management Plan was timely filed by the parties on January 18, 2022 (Doc. 5)[../CM ECF filings/5.pdf](../CM ECF filings/5.pdf)

11. An Agreed Scheduling Order was entered by the Court on January 20, 2022 (Doc. 6).

12. The parties exchanged documents consistent with F.R. Civ. R. 26 disclosure requirements. The amount of emails is voluminous[10].

13. Plaintiff designated its expert and timely provided its report to Defendant on September 30, 2022. Defendant designated its expert and provided its report on or about November 17, 2022.

14. Plaintiff issued Interrogatories and Requests for Production to Defendant LEI on or about October 9, 2022.

---

[10] Plaintiff's initial production was 1,179 bate stamp docs.

15. LEI filed objections and responses to the foregoing discovery request on or about November 14, 2022. Defendants produced Bate Stamp Nos. LEI 00001-217 on or about November 15, 2022. In that production, Lanner produced an internal email, such as LEI 000076-77 showing 15 persons within the LEI/Lanner, that were copied in that January 14, 2020 email, as shown below:

> *From: Jimmy_Su <jimmy_su@lannerinc com>*
> *Sent: Tuesday, January 14, 2020 9:29 PM*
> *To: Dean_Mcarthur <dean_mcarthur@lannerinc com>*
> *Cc: 'daren khatib' <daren_khatib@lannerinc com>; Gary_Chien <gary_chien@lannerinc com>; Ben_Chen <ben_chen@lannerinc com>; Chester_Chung <chester_chung@lannerinc com>; Spencer_Chou <spencer_chou@lannerinc com>; Tony_Ghchen <tony_ghchen@lannerinc com>; Watson_Lee <watson_lee@lannerinc com>; Ap_Chen <ap_chen@lannerinc com>; ling_Chen <iling_chen_hq@lannerinc com>; Sam_Lee <sam_lee@lannerinc com>; Tom_Howley <tom_howley@lannerinc com>; Geoffrey_Egger <geoffrey_egger@lannerinc com>; Peter_Nam <peter_nam@lannerinc com>; 'vince_leu' <vince_leu@lannerinc com>*

16. This email alone establishes the likelihood of many many more internal emails among the above LEI and Lanner employees and possibly others. Defendant itself identified many of the above persons as having knowledge in its initial Disclosure.

17. Dating back to between November 11, 2022 and November 23, 2022, Plaintiff requested deposition dates for 5 LEI employees and former employees[11], and Defendant's expert. From disclosures, some of these witnesses (ex-employees) were not under the control of Defendant, who would not voluntarily attend the requested depositions, and allegedly reside in Canada. The only additional witnesses still employed at that time with LEI reside in Taiwan or The Netherlands (Egger) or California (Terence Chou).

---

[11] Egger, Khatib, McArthur

18. As stated in the Joint Discovery Case Management Plan (Doc. 5), given the relationship between the two Defendants, the primary focus of Plaintiff's planned discovery evolved around the interactions between these Defendants during the period of the manufacturing and production of the Product including the initial design of the Product, the modifications to the Product after the initial design and shipment to SV, and Defendants efforts, if any, to correct, remedy, repair or replace the Product's defects, deficiencies and shortcomings, as reported to Plaintiff by its customers and, in turn, reported by SV to LEI and Lanner.

19. The initial Scheduling Order was entered on January 20, 2022. (Doc. No. 6) .

20. An Agreed Motion to Modify said Scheduling Order was filed on November 3, 2022 with a Proposed Order. (Doc. Nos. 8, 9). Thereafter, an Agreed Proposed Order amended the Scheduling Order on November 16, 2022 (Doc. 10) extending the dates to complete discovery to June 12, 2023, filing of non-dispositive and dispositive Motions by June 19, 2023[12], and a new trial date of September 12, 2023.

21. This Motion to Compel follows the below key discovery dates:

   a. Deposition of Geoffrey Egger, by remote from The Netherlands on June 1, 2023 (postponed by Defendant from the previous week);

   b. Deposition of Terence Chou, the current Managing Director by remote means from California on June 9, 2023 (postponed by Defendant from the previous week);

   c. Deposition of Defendant's designated expert, Gregory Crouse on June 12, 2023;

---

[12] Defendant LEI filed a Motion for Summary Judgment on June 19, 2023 (Doc. 11)

22. Each of the above persons and dates were requested by Plaintiff long before the actual dates shown above, and accommodations were made by the undersigned counsel and counsel for LEI to achieve those dates and places by remote means. See emails by and between attorneys, <u>Exhibit "E"</u>.

23. Following the above dates and deponents, LEI took the depositions of Safety Vision officers and employees on June 13 and June 14, and Plaintiff's expert on June 15.

24. Facing deadlines to complete discovery and Defendant's inability to provide confirmation of earlier dates, the parties entered into a Rule 11 agreement extending the date to complete discovery until June 30, 2023. The Rule 11 agreement is attached hereto as <u>Exhibit F.</u>

25. Other depositions were scheduled for non-party witnesses, and the last one was completed on June 28, 2023.

## IV.

### EXHIBITS TO THIS MOTION

a) Exhibit A: only 4 internal emails produced by LEI;

b) Exhibit B- email exchange between attorneys for the parties before June 12, 2023 discovery cut-off;

c) Exhibit C- June 20 email and exchanges thereafter between attorneys in response to request to confer conferences and replies thereto.

d) Exhibit D- LEI Bate Stamp 155-167 re heat tray defects;

e) Exhibit E: Email exchange between attorneys re deposition and document production delays;

f) Exhibit F: Agreement to Extend Discovery until June 30, 2023;

g) Exhibit G: Safety Vision's First Requests for Production to Defendant served on October 14, 2022;

h) *Exhibits H* and H-1: LEI'S initial Response to the Request for Production dated November 14, 2022, and Supplemental Response dated June 12, 2023[13] following

---

[13] Defendant's Certificate of Service incorrectly states the date as the same date as November 14, 2022. The actual date was June 12, 2023 as correctly stated in the Supplemental Response to Interrogatories.

8

production of voluminous documents (native emails) on or about May 30 and May 31, 2023 but not internal email.

27. The subject of this Motion are SV's RFP's Nos, 2, 3, 7, 12 and 16 as stated in Defendant LEI's Initial and Supplemental Responses thereto, quoted as follows:

> RFP No. 2. Produce all materials and documents showing that Defendant interviewed, consulted, discussed, or managed any employee, agent or consultant or other third party after January 1, 2016 and prior to June, 2021 including journals, calendars, notes, logs or other written record by Defendant or Lanner that they performed any review, analysis, inquiry study or recommendations of the Product, including but not limited to "Root Cause Analysis" or "Failure Analysis Report" or "Corrective Action".
>
> *RESPONSE[14]:*
> *See correspondence between Plaintiff and Defendant, Bates Labeled SV LEI 1-1179. See also Test reports, attached LEI 00113-LEI 000217.*
>
> *SUPPLEMENTAL RESPONSE[15]:*
> *See also email correspondence produced in native format.*
>
> RFP No. 3. Produce all emails between Defendant and Lanner Electronics, Inc. (either sent or received by Defendant) that mentions or relates to the ODM Agreement for proposals, alterations, changes or suggestions to the Product or related equipment to be made by Defendant, or by Lanner or its employees, consultants or agents after the date of the ODM Agreement and prior to the filing of this lawsuit.
>
> *RESPONSE:*
> *See correspondence between Plaintiff and Defendant, Bates Labeled SV LEI 1-1179. <u>Defendant continues to search for any additional responsive documents.</u>*
>
> *SUPPLEMENTAL RESPONSE<u>:</u>*
> <u>*See also email correspondence produced in native format*</u>
>
> RFP No. 7. Produce documents relating to the terms of actual "repair the defective product or part" by LEI as that term and provision is stated in the ODM Agreement.
>
> *RESPONSE:*
> *See LEI 113-217.*

---

[14] Served November 14, 2022
[15] Served June 12, 2023

RFP NO. 12. Produce a copy or transcription of all statements, oral or written, between LEI and Lanner, including audio or videotape recordings, discussing product failures of the Product, whether reported by SV or others.

>RESPONSE:
>**Objection.** *Defendant objects to the extent the request is overly broad, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing, see SV LEI 1-1179 and LEI 113-217.*
>
>SUPPLEMENTAL RESPONSE:
>See also email correspondence produced in native format

RFP NO. 16. Produce all contracts or other agreements executed between Defendant and any other entity, person or business between 2015 and 2021 that pertain to the same or similar parts or supplies utilized by LEI or Lanner in the design and manufacturing of the Product with other customers or vendors, including but not limited to Tactical Micro.

>RESPONSE:
>**Objection.** *Defendant objects to the extent the request is overly broad, not relevant, and no treasonably calculated to lead to the discovery of admissible evidence.*
>
>SUPPLEMENTAL RESPONSE:
>None

28.   Despite the wording of the Response and Supplemental Response, Defendant has not produced the internal emails as shown above and the documents with its only other USA customer, Tactical Micro, for a same or similar product during the years 2015-2021. This was learned at the last deposition on June 28, 2023.of a non-party individual formerly employed by Tactical Micro.

**PRAYER**

29.   Plaintiff respectfully requests that Defendant's objections be overruled and Defendant be ordered to produce documents responsive to the Request for Production within five (5) days of the hearing of this Motion[16] and for such other relief as the Court deems just and appropriate.

---

[16] Prior to hearing or a ruling on Defendant's Motion for Summary Judgment.

Respectfully submitted,

*/s/Patrick McGettigan*
Patrick J. McGettigan
2802 Flintrock Trace, Suite 367
Austin, Texas 78738
Facsimile: (512) 476-1131
Mobile (512) 748-8371
pmcgettigan@inhousegc.com

ATTORNEY FOR PLAINTIFF,
SAFETY VISION, LLC

## CERTIFICATE OF CONFERENCE

      I certify that on May 3, June 20, June 22, June 23, and June 28, Patrick McGettigan, counsel for Plaintiff, made efforts to resolve this discovery dispute through emails and telephone conferences with counsel for Defendant LEI The efforts of counsel have not resulted in resolution of this discovery dispute, and I believe this motion is opposed.

*/s/Patrick McGettigan*
Patrick McGettigan

## CERTIFICATE OF SERVICE

      This is to certify that the foregoing Notice of Deposition was sent by email notification to the following attorney(s) of record on this the 9th day of July 2023 as noted below.

*/s/Patrick McGettigan*
Patrick McGettigan

Staci Vetterling
svetterling@hartlinebarger.com

Hartline Barger L.L.P.
1980 Post Oak Blvd., Suite 1800
Houston, Texas 77056