# EXHIBIT

# G

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAFETY VISION, LLC | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 4:21-cv-03306 |
| | § | |
| LEI TECHNOLOGY CANADA | § | |
| AND LANNER ELECTRONICS, | § | |
| INC., | § | |
| *Defendants*. | § | |

**PLAINTIFF SAFETY VISION, LLC'S REQUEST FOR PRODUCTION TO
DEFENDANT, LEI TECHNOLOGY CANADA AND ITS PARENT
COMPANY, LANNER ELECTRONICS, INC.**

To:   Defendant, LEI Technology Canada, through its attorneys of record:

Staci Vetterling
Darrell L. Barger
HARTLINE BARGER L.L.P.
1980 Post Oak Blvd., Suite 1800
Houston, Texas 77056

Safety Vision, LLC ("SV"), Plaintiff, by and through its attorney of record,
hereby serves this first set of Request for Production on LEI Technology Canada
("LEI" or "Defendant'), as authorized by Federal Rule of Civil Procedure 34.  As
required by Rule 34(b), Defendant must produce all requested documents,
electronically stored information, or tangible things within 30 days after service of
this request, at the office of at the offices of Plaintiff's attorney, or at another time
and place agreed on by the parties.

1

Respectfully submitted,


*/s/ Patrick J. McGettigan*
Patrick J. McGettigan
Tx. State Bar No. 13624500
2802 Flintrock Trace
Suite 367
Austin, Texas 78738

512-476-1121 Telephone
512-748-8371 Mobile
pmcgettigan@inhousegc.com

**ATTORNEY FOR PLAINTIFF**
**SAFETY VISION, LLC**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this the 9th day of October 2022, a true and correct copy of the above and foregoing was served on all counsel of record in accordance with the Federal Rules of Civil Procedure.

Darrell L. Barger
dbarger@hartlinebarger.com

Staci svetterling@hartlinebarger.com

HARTLINE BARGER L.L.P.
1980 Post Oak Blvd., Suite 1800
Houston, Texas 77056

*/s/Patrick J. McGettigan*
Patrick J. McGettigan

2

## I. Definitions

The following terms have the following meanings, unless the context requires otherwise:

1.      Parties. The term "plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, when applicable, his or its agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2.      Person. The term "person" means any natural person, a business, a legal or governmental entity, or an association.

3.      Term or Terms.

Unless the context is otherwise:

(a)      The terms "you" and "your" mean the Defendant, LEI, a subsidiary of Lanner Electronics, Inc. and Lanner Electronics, Inc. , and its agents, representatives, attorneys, experts, and other persons acting or purporting to act on Defendant's behalf.

(b)      The term "Safety Vision" or "SV" means Plaintiff Safety Vision, LLC, a Texas limited liability company.

(c)      The term "ODM Agreement " means the contract dated January 7, 2016 and Exhibits thereto which agreement is referenced in Plaintiff's Original Petition, including any contract modification or amendment thereafter.

(d)      The term "equipment" or "Product" means as defined in the ODM Sec. 1.1 and Exhibit A, quoted as follows:

> ***Product:*** *The term "Product" means the products described in Exhibit A and any other products provided to Company by LEI under this Agreement and related equipment and any revisions,*

*enhancements and options thereto made available by*
*LEI with Company consent.*

(e)     The terms "specifications of the equipment or product" means, unless otherwise stated, the technical specifications as set forth in the ODM Agreement and written communications thereafter.

(f)     The terms "performance reports" means those written documents providing reports from LEI or Lanner, including but not limited to Root Cause, Root Cause Analysis, Corrective Action  showing the data or other information from said Products or other reports.

(f.1)   The term "reported Product failures" means and refers to the communications made by and between SV and LEI/Lanner relating to proposals, testing and efforts made by Safety Vision in response to customer complaints and criticisms on or after June 2019 of the existing NVR recorder reported product failures.

(g)     The term "material" means all documents, electronically stored information, or tangible things. The term is synonymous with and equal in scope to the usage of "documents, electronically stored information, or tangible things" in Federal Rule of Civil Procedure 34(a). A draft or nonidentical copy of a document, electronically stored information, or a tangible thing is a separate item within the meaning of this term.

(h)     The term "document" means information that is fixed in a tangible medium, such as paper. It includes, but is not limited to, writings, drawings, films, charts, photographs, notices, memoranda, diaries, minutes, correspondence, books, journals, ledgers, reports, worksheets, notes, printed e-mails, texts, scans, letters, abstracts, audits, charts, checks, diagrams, drafts, instructions, lists, logs, resumes,

summaries, and such other information fixed to a tangible medium or can be fixed to a tangible medium.

(i)     The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that are electronically stored.

(i)     "Electronic file" includes, but is not limited to, the following: voicemail messages and files; e-mail messages and files; deleted files; temporary files; system history files; Internet or web-browser generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; computer activity logs; metadata; Unless otherwise defined, each example used to illustrate the term "electronic file" will have the meaning assigned to it by Webster's Dictionary.

(ii)    "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated circuit cards (e.g., SIM card), and the like. Unless otherwise defined, each example used to illustrate the term "electronic storage" will have the meaning assigned to it by Microsoft Computer Dictionary

(j)     Tangible thing. The term "tangible thing" means physical objects that are not documents or electronically stored information.

(k)     The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

(l)     The term "relating" means concerning, referring, describing, evidencing, or constituting, either directly or indirectly.

(m)     The term "any" should be understood in either its most or its least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

(n)     The connectives "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

(o)     Number. The use of the singular form of any word includes the plural and vice versa.

## II. Instructions

1.     Respond to each request for production separately by listing the materials and by describing them as defined above. If the material is numbered or labeled for production, in each response provide both the information that identifies the material and the material's number or label.

2.     Produce documents and tangible things in the forms as they are kept in the ordinary course of business or organize and number or label them to correspond with the categories in the discovery request.

3.      Produce electronically stored information in native format or single-page searchable Adobe File Format and for documents that cannot be converted into Adobe, notify requesting party of responding party's intended form of production that is either reasonably usable or as it is ordinarily kept. For any electronically stored information produced:

   (a)      Produce a discovery log that details the type of information, the source of the information, the discovery request to which the information corresponds, and the information's electronic ID number.

   (b)      Write all of the electronically stored information to a storage device such as a CD, DVD, USB or flash drive.

4.      For electronically stored information, identify every source containing potentially responsive information that Defendant is not searching or producing.

5.      If objecting to a request for production, state the objection with particularity, providing specific grounds for the objection.

6.      For any materials that Defendant asserts is privileged, protected, or otherwise exempt from discovery, provide the following:

   (a)      The specific grounds for the claim of privilege, protection, or other exemption.

   (b)      The type of material being withheld, and, if the material is electronically stored information, the file format of the material.

   (c)      The subject matter of the material.

7

(d)    The date of the material.

(e)    The name, job title, and address of the author of the material.

(f)    The name, job title, and address of each addressee of the material.

(g)    The name, job title, and address of each person who received, was copied on, or otherwise saw all, part, or a summary of the material.

(h)    The name, job title, and address of the custodian of the material and the material's current location.

7.    For any materials that you claim no longer exist or cannot be located, provide all of the following:

(a)    A statement identifying the material.

(b)    A statement of how and when the material passed out of existence or when it could no longer be located.

(c)    The reasons for the material's nonexistence or loss.

(d)    The identity, address, and job title of each person having knowledge about the nonexistence or loss of the material.

(e)    The identity of any other materials evidencing the nonexistence or loss of the material or any facts about the nonexistence or loss.

**PLAINTIFF SAFETY VISION, LLC'S**
**FIRST REQUEST FOR PRODUCTION**

REQUEST NO. 1: Produce all versions and drafts with revisions, edits, comments or other marking or changes made to the ODM Agreement  that is the subject of this lawsuit prior to the effective date.

RESPONSE:

REQUEST NO. 2: Produce all materials and documents showing that Defendant interviewed, consulted, discussed, or managed any employee, agent or consultant or other third party after January 1, 2016 and prior to June, 2021 including journals, calendars, notes, logs or other written record by Defendant or Lanner that they performed any review, analysis, inquiry study or recommendations of the Product, including but not limited to "Root Cause Analysis" or "Failure Analysis Report" or "Corrective Action".

RESPONSE:

REQUEST NO. 3: Produce all emails between Defendant and Lanner Electronics, Inc. (either sent or received by Defendant) that mentions or relates to the ODM Agreement for proposals, alterations, changes or suggestions to the Product or related equipment to be made by Defendant, or by Lanner or its employees, consultants or agents after the date of the ODM Agreement and prior to the filing of this lawsuit.

RESPONSE:

REQUEST NO. 4: Produce all materials and documents supporting the statements, allegations and contentions Defendant made in the letter dated June 7,2021 from Geoffrey Egger (see, LEI 000072) with respect to his asserted contention that

> "...LEI examined a large number of "returned as defective" devices. The results of the examination showed that the majority of the defective units were made defective by installer error"

including any such materials and documents dating from January 1, 2016 to prior to the filing of this lawsuit.

RESPONSE:

REQUEST NO. 5: Produce a copy of any documents expressly referenced in the ODM Agreement, including the Exhibits thereto and references as stated in the Exhibits therein (*see*, LEI 00066-69).

RESPONSE:

REQUEST NO. 6:

Produce documents and materials in the nature of solicitations, marketing or advertising materials, including emails, letters, faxes, brochures and catalogues, received or issued by LEI between 2015 and June 7, 2021 for any bid solicitation Defendant sought or any proposal submitted by it to any other potential or actual transit type customer proposing to use the same or similar NVR product that is

described as "Product" in the ODM Agreement.    This would include communications with Tactical Micro relating to its project with TriMet (Tri-County Metropolitan Transportation).

RESPONSE:

REQUEST NO. 7: Produce documents relating to the terms of  actual "repair the defective product or part" by LEI  as that term and provision is stated in the ODM Agreement.

RESPONSE:

 REQUEST NO. 8:

Produce documents and materials showing whom and when Defendant interviewed, consulted, discussed, managed any consultant, third party, or vendors between  2015 and June 2021, including journals, calendars, notes, logs or other written record showing Defendant engaged in any review or analysis tasks relating to the actual or proposed specifications of the equipment that is the subject of ODM Agreement. This request is primarily focused on the specifications set forth in the ODM Agreement relating to the "Prototype" and "Gold Sample" as those terms are defined in Sections 3.5 and 3.6 of the ODM Agreement (paragraph 11.1.2 (1)) for the years 2016 up to June, 2021 (the filing of the Lawsuit), by return RMA or other documents.

RESPONSE:

REQUEST NO. 9: Produce documents relating to the actual deliver to customer an "equivalent product or part to replace the defective item" by LEI  as that term and provision is stated in the ODM Agreement (paragraph 11.1.2 (2)) for the years 2016 up to June, 2021 (the filing of the Lawsuit), by return RMA or other documents.

RESPONSE:


REQUEST NO. 10: Produce copies of mobile and electronic device records (email, phone and text messages) for the time period  of June 2017 to June  2021 that were sent to or received by Defendant and persons employed by Defendant from or to Lanner by other transit customers  regarding reported Product failures similar to the failures as reported by SV.

RESPONSE:


REQUEST NO. 11: Produce a copy or transcription of all statements, oral or written, that Defendant contends are attributable to Plaintiff, including audio or videotape recordings.

RESPONSE:

REQUEST NO. 12 : Produce a copy or transcription of all statements, oral or written, between LEI and Lanner, including audio or videotape recordings, discussing product failures of the Product, whether reported by SV or others.

RESPONSE:

REQUEST NO. 13:

Produce documents and materials showing the date and times (and frequency) of Defendant's actual access to the recorder settings and hard drive utilization, either through wifi settings or cellular connectivity or in person, for all Product or equipment installed on customer  vehicles of SV.

RESPONSE:

REQUEST NO. 14: Produce all documents, emails, materials or reports that are in Defendant's  or Lanner's possession, custody, or control relating to notices allegedly made by Defendant on or after January 1, 2016 to Plaintiff, or any person purportedly acting as agent for any such persons, terminating the ODM Agreement.

RESPONSE:

REQUEST NO. 15: Produce all proposed contracts, amendments, proposals, notices, applications or other documents that were arranged or submitted by Defendant to Plaintiff or Plaintiff to Defendant between  2016 and June 2021 for review or approval by Defendant or Plaintiff or both of the ODM Agreement.

RESPONSE:

REQUEST NO. 16: Produce all contracts or other agreements executed between Defendant and any other entity, person or business between 2015 and 2021 that pertain to the same or similar parts or supplies utilized by LEI or Lanner in the design and manufacturing of the Product with other customers or vendors, including but not limited to Tactical Micro.

RESPONSE:

REQUEST NO. 17: Produce all materials and documents relating to the Product or similar in design or functionality to the "Road Recorder 8000-Network Video Recorder" (*see*, LEI 00001-057-sometimes referred to as NVR or RR 8000) prepared or submitted by Defendant or Lanner relating to any sales distribution channel through which Defendant's or Lanner's products or services were to be sold, marketed, or promoted between 2016 and 2021.

REQUEST NO. 18: Produce all materials and documents relating to the classes or categories of customers to whom Defendant promoted its products or services from 2016 to June 2021 similar to the Product and specifications described in the ODM Agreement.

RESPONSE:

REQUEST NO. 19: Produce all materials relating to the classes or categories of customers to whom Defendant attempted to sell, market, or promote products or services as the same or similar to the RR 8000 four (4) years before the issuance of the ODM Agreement with Plaintiff.

RESPONSE:

REQUEST NO. 20: Produce documents, in summary form, relating to the dollar and unit volume of sales of the Product  to any other customer (other than SV) by Defendant or Lanner  between 2015 and 2021.

RESPONSE:

REQUEST NO. 21: Produce all materials relating to any formal or informal market studies, surveys, polls, focus groups, or other studies by Defendant or Lanner  of servicing or responding to alleged product failures or warranty claims or the provisions in other ODM similar agreements.

RESPONSE:

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAFETY VISION, LLC | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 4:21-cv-03306 |
| LEI TECHNOLOGY CANADA | § | |
| AND LANNER ELECTRONICS, | § | |
| INC., | § | |
|     *Defendants*. | § | |

**PLAINTIFF SAFETY VISION LLC'S FIRST SET OF INTERROGATORIES**

To:    Defendant, Lei Technology Canada, through its attorneys of record:


Staci Vetterling
Darrell L. Barger
HARTLINE BARGER L.L.P.
1980 Post Oak Blvd., Suite 1800
Houston, Texas 77056


Safety Vision, LLC ("SV"), Plaintiff, by and through their attorney of

record, hereby serves this first set of Interrogatories on Lei Technology Canada

("LEI"), as authorized by Federal Rule of Civil Procedure 33, Defendant must

answer the following Interrogatories (individually, "Interrogatory," and

collectively, the "Interrogatories"), in writing and under oath within thirty (30)

days after service of these Interrogatories, at the office of their attorney as shown

above or at the offices of Plaintiff's attorney, or at another time and place agreed on by the parties. These Interrogatories are subject to the Definitions and Instructions below.

Respectfully submitted,

*/s/ Patrick J. McGettigan*
Patrick J. McGettigan
TX. State Bar No. 13624500
Fed. Id. No. 7285
2802 Flintrock Trace
Suite 367
Austin, Texas 78738

512-476-1121 Telephone
512-748-8371 Mobile
pmcgettigan@inhousegc.com

**ATTORNEY FOR PLAINTIFF
SAFETY VISION, LLC**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this the 9th day of October  2022, a true and correct copy of the above and foregoing was served on all counsel of record in accordance

with the Federal Rules of Civil Procedure.

Staci Vetterling
svetterling@hartlinebarger.com

Darrell L. Barger
dbarger@hartlinebarger.com


HARTLINE BARGER L.L.P.
1980 Post Oak Blvd., Suite 1800
Houston, Texas 77056

*/s/ Patrick J. McGettigan*
Patrick J. McGettigan

## DEFINITIONS & INSTRUCTIONS

1.     The "Complaint" refers to the Original Petition filed in the District Court of Harris County, Texas._.

2.     "LEI" means Lei Technology Canada.

3.     Term or Terms.

Unless the context is otherwise:

(a)     The terms "you" and "your" mean the Defendant, LEI, a subsidiary of Lanner Electronics, Inc. and Lanner Electronics, Inc., and its agents, representatives, attorneys, experts, and other persons acting or purporting to act on Defendant's behalf.

(b)     The term "Safety Vision" or "SV" means Plaintiff Safety Vision, LLC, a Texas limited liability company.

(c)     The term "ODM Agreement " means the contract dated January 7, 2016 and Exhibits thereto which agreement is referenced in Plaintiff's Original Petition, including any contract modification or amendment thereafter.

(d)     The term "equipment" or "Product" means as defined in the ODM Sec. 1.1 and Exhibit A, quoted as follows:
> ***Product:*** *The term "Product" means the products described in Exhibit A and any other products provided to Company by LEI under this Agreement  and related equipment and any revisions, enhancements and options thereto made available by LEI with Company consent.*

(e)     The terms "specifications of the equipment or product" means, unless otherwise stated, the technical specifications as set forth in the ODM Agreement and written communications thereafter.

(f)     The terms "performance reports" means those written documents providing reports from LEI or Lanner, including but not limited to Root Cause, Root

Cause Analysis, Corrective Action  showing the data or other information from said Products or other reports.

(f.1)  The term "reported Product failures" means and refers to the communications made by and between SV and LEI/Lanner relating to proposals, testing and efforts made by Safety Vision in response to customer complaints and criticisms on or after June 2019 of the existing NVR recorder reported product failures.

4.    "Communication" means any transmission of information, including any written communication, such as correspondence, telephone calls, electronic mail or conversations.

5.    "Document" or "documents" means all forms of information within the scope of discovery permitted by Federal Rule of Civil Procedure 34(a), including all documents, things, Communications, and/or electronic materials.

6.    "Relating to" or "regarding" means directly or indirectly mentioning or describing, or being connected with, referring to, or reflecting upon a stated subject matter, document, event, or person.

7.    The term "any" includes each, every, and all persons, places, or things to which the term refers.

8.    "and" and "or" are to be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

9.    The singular form of a word should be interpreted as plural, and the plural form of a word should be interpreted as singular, to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

10. "Identify," "state," and "describe" mean:

 i. When used in reference to a natural person, it means to state the person's full name, business affiliation, and title and the

  person's telephone number, residence address, and business address.

 ii. When used in reference to an entity other than a natural person, it means to state its full name, address of its principal office, and each of its present business addresses and telephone numbers.

 iii. When used in reference to a document, it means to state: (a) the type of document (e.g., letter, memoranda, recording, telegram, chart, etc.); (b) the name, address, business affiliation, and title of the author or signer thereof; (c) its date; (d) the name, address, business affiliation, and title of all addressees and recipients; (e) its present location; and (f) the name, present address, business affiliation, and title of the person having present custody thereof.

 iv. When used in reference to a communication, it means: (a) to state the manner in which the communication occurred (e.g., by document, by telephone conversation, or by meeting); (b) if the communication was by document, to identify each person who sent and received the document and state the date on which and place to which the document was sent and received; (c) if the communication was by telephone, to state the

date and place ofthe communication, identify each natural person who was present during all or part of the communication, and describe in detail the information communicated by each natural person; (d) if the communication was by meeting, to state the date and place of the meeting, and to describe in detail the information communicated by each natural person; and (e) if by means otherthan those described above, to identify each natural person who provided the information communicated, to state the date on which the communication was sent and received, and to describe in detail the information communicated.

v.  When used in reference to an act, it means: (a) to state with particularity each and every item of behavior which constitutesthe act, including the place, time, and date of each such item; (b) to identify each and every person participating in the act and to specify the items of behavior performed by each such person; and (c) to identify each and every document or communication which constitutes or describes the act or any part thereof.

vi.  When used in reference to an omission to act, it means: (a) to state with particularity each and every item of behavior which You contend should have been performed and the place, time, and date of each such performance which should have occurred; (b) to identify each and every

natural person who, by reason of knowledge or particular circumstances, You content should have performed each item of omitted behavior; and (c) to identify each and every document or communication which You content intends to establish that the omitted act should have been performed.

## <u>PLAINTIFF SAFETY VISION, LLC'S</u>
## <u>FIRST SET OF INTERROGATORIES</u>

1.      What is the name and address of the person(s) answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

ANSWER:

2.      Describe the specific acts required by the ODM Agreement that you contend Plaintiff failed to perform.

ANSWER:

3.      For each specific act described in Interrogatory Number 2 above, explain in detail how each of those requirements was not met.

ANSWER:

4.      Provide the date the ODM Agreement was terminated and the reason(s) if any, given to Plaintiff for such termination.

ANSWER:

5.      List the names and addresses of all persons who are believed or known by you, of your agents or attorneys to have any knowledge concerning any of the performance and warranty issues in this lawsuit and specify the subject matter about which the witness has knowledge.

ANSWER:

6.      State the name, address, and telephone number of each person who has given you, or anyone representing LEI interests in this lawsuit, a written or recorded statement concerning any aspect of this lawsuit.

ANSWER:

7.      Describe in detail your responsibilities under the ODM Agreement as far as designing, manufacturing and selling the Product (*see*, recital on page 1 of the ODM Agreement)

ANSWER:

8.      Describe in detail Lanner's responsibilities under the ODM Agreement as far as manufacturing the Product.

10

ANSWER:

9.      Describe in detail each time Plaintiff reported to you product failures, product

defects and assorted failures as alleged in the Complaint. For every occurrence, provide

the date, specific process or processes with which Defendant responded to such reports,

and the individuals involved.


ANSWER:

10.     Does Defendant LEI contend that it was not required, pursuant to the ODM

Agreement, to comply with all the  Product specifications as outlined in the Exhibits

attached to the ODM Agreement and attached thereto,?


ANSWER:

11.     If your answer to Interrogatory 10 above is yes, please state with specificity
the following:

*(a)*       The Product specification with which LEI contends it was not required
to comply; ANSWER:
*(b)*       Identify all documents which support LEI's contention and/or
interpretation;and, ANSWER:
*(c)*       Identify the individual with the most knowledge of LEI's contention
and/orinterpretation. ANSWER:

12.     Describe the computation of damages you claim as part of this lawsuit and the total amount of each category of damages you describe.


ANSWER:

13.     Has anything been paid or is anything payable from any third party for the damages listed in your answers to these Interrogatories? If so, state the amounts paid or payable, the name and business address of the person or entity who paid or owes said amounts, and which of those third parties have or claim a right of subrogation.


ANSWER:

## **<u>VERIFICATION</u>**

STATE OF _____

COUNTY OF _____

_____, being duly sworn, states that he/she verifies that the

foregoing Answers to Interrogatories are true and correct.

DATED this_____day of_____, 2022.

 

 

_____
NOTARY PUBLIC
My Commission Expires:_____