# EXHIBIT

# H-1

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAFETY VISION, LLC | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-03306 |
| | § | |
| LEI TECHNOLOGY CANADA AND | § | |
| LANNER ELECTRONICS, INC. | § | |
| *Defendants.* | § | |

## <u>DEFENDANT'S RESPONSES AND OBJECTIONS TO</u>
## <u>PLAINTIFF'S REQUEST FOR PRODUCTION</u>

TO:     Plaintiff Safety Vision, LLC, by and through its attorney of record, Patrick McGettigan,
13625 Ronald Reagan Blvd., Building One, Suite 100, Cedar Park, TX 78613, Phone: 512-
476-1121, Fax: 512-476-1131.

Defendant LEI TECHNOLOGY CANADA submits these objections and responses to

Plaintiff's Request for Production pursuant to Rule 34 of the Federal Rules of Civil Procedure.

Respectfully submitted,

**HARTLINE BARGER LLP**

By:  */s/ Staci M. Vetterling*
Darrell L. Barger
Texas Bar No. 01733800
dbarger@hartlinebarger.com
Staci Vetterling
Texas Bar No. 24051059
Svetterling@hartlinebarger.com
1980 Post Oak Blvd., Suite 1800
Houston, Texas  77056
Phone:  (713) 759-1990
Fax: (713) 652-2419

**ATTORNEYS FOR DEFENDANT**
**LEI TECHNOLOGY CANADA**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing instrument has been forwarded to all known counsel of record as listed below by the method of service indicated on this 14th day of November 2022.

Patrick J. McGettigan
13625 Ronald Reagan Blvd.
Building One, Suite 100
Cedar Park, TX 78613
Phone: 512-476-1121
Fax: 512-476-1131
Email: pmcgettigan@inhousegc.com
*Attorney for Plaintiff*

 */s/ Staci M. Vetterling*
Staci Vetterling

## DEFENDANT'S RESPONSES AND OBJECTIONS TO
## PLAINTIFF'S REQUEST FOR PRODUCTION

1. Produce all versions and drafts with revisions, edits, comments or other marking or changes made to the ODM Agreement that is the subject of this lawsuit prior to the effective date.

RESPONSE:
**Objection.** Defendant objects to the extent the documents requested are not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

2. Produce all materials and documents showing that Defendant interviewed, consulted, discussed, or managed any employee, agent or consultant or other third party after January 1, 2016 and prior to June, 2021 including journals, calendars, notes, logs or other written record by Defendant or Lanner that they performed any review, analysis, inquiry study or recommendations of the Product, including but not limited to "Root Cause Analysis" or "Failure Analysis Report" or "Corrective Action".

RESPONSE:
See correspondence between Plaintiff and Defendant, Bates Labeled SV LEI 1-1179.  See also Test reports, attached LEI 00113-LEI 000217.

SUPPLEMENTAL RESPONSE:
See also email correspondence produced in native format.

3. Produce all emails between Defendant and Lanner Electronics, Inc. (either sent or received by Defendant) that mentions or relates to the ODM Agreement for proposals, alterations, changes or suggestions to the Product or related equipment to be made by Defendant, or by Lanner or its employees, consultants or agents after the date of the ODM Agreement and prior to the filing of this lawsuit.

RESPONSE:
See correspondence between Plaintiff and Defendant, Bates Labeled SV LEI 1-1179.  Defendant continues to search for any additional responsive documents.

SUPPLEMENTAL RESPONSE:
See also email correspondence produced in native format.

4. Produce all materials and documents supporting the statements, allegations and contentions Defendant made in the letter dated June 7,2021 from Geoffrey Egger (see, LEI 000072) with respect to his asserted contention that

   *"...LEI examined a large number of "returned as defective" devices. The results of the examination showed that the majority of the defective units were made defective by installer error"*

   including any such materials and documents dating from January 1, 2016 to prior to the filing of this lawsuit.

RESPONSE:
See LEI 113-217.

5.  Produce a copy of any documents expressly referenced in the ODM Agreement, including the Exhibits thereto and references as stated in the Exhibits therein (*see*, LEI 00066-69).

RESPONSE:
**Objection.**  Defendant objects to the extent the documents are equally available to Plaintiff.

6.  Produce documents and materials in the nature of solicitations, marketing or advertising materials, including emails, letters, faxes, brochures and catalogues, received or issued by LEI between 2015 and June 7, 2021 for any bid solicitation Defendant sought or any proposal submitted by it to any other potential or actual transit type customer proposing to use the same or similar NVR product that is described as "Product" in the ODM Agreement. This would include communications with Tactical Micro relating to its project with TriMet (Tri-County Metropolitan Transportation).

RESPONSE:
**Objection.**  Defendant objects to the extent the request is overly broad, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

SUPPLEMENTAL RESPONSE:
See also LEI 000257-000299 and email correspondence produced in native format.

7.  Produce documents relating to the terms of actual "repair the defective product or part" by LEI as that term and provision is stated in the ODM Agreement.

RESPONSE:
See LEI 113-217.

8.  Produce documents and materials showing whom and when Defendant interviewed, consulted, discussed, managed any consultant, third party, or vendors between 2015 and June 2021, including journals, calendars, notes, logs or other written record showing Defendant engaged in any review or analysis tasks relating to the actual or proposed specifications of the equipment that is the subject of ODM Agreement. This request is primarily focused on the specifications set forth in the ODM Agreement relating to the "Prototype" and "Gold Sample" as those terms are defined in Sections 3.5 and 3.6 of the ODM Agreement (paragraph 11.1.2 (1)) for the years 2016 up to June, 2021 (the filing of the Lawsuit), by return RMA or other documents.

RESPONSE:
**Objection.**  Defendant objects to the extent the request is overly broad, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing, see LEI 113-217.

SUPPLEMENTAL RESPONSE:
See also email correspondence produced in native format.

9.  Produce documents relating to the actual deliver to customer an "equivalent product or part to replace the defective item" by LEI as that term and provision is stated in the ODM Agreement (paragraph 11.1.2 (2)) for the years 2016 up to June, 2021 (the filing of the Lawsuit), by return RMA or other documents.

RESPONSE:
None.

10. Produce copies of mobile and electronic device records (email, phone and text messages) for the time period of June 2017 to June 2021 that were sent to or received by Defendant and persons employed by Defendant from or to Lanner by other transit customers regarding reported Product failures similar to the failures as reported by SV.

RESPONSE:
**Objection.** Defendant objects to the extent the request is overly broad, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

SUPPLEMENTAL RESPONSE:
See LEI 000300.

11. Produce a copy or transcription of all statements, oral or written, that Defendant contends are attributable to Plaintiff, including audio or videotape recordings.

ANSWER:
None.

12. Produce a copy or transcription of all statements, oral or written, between LEI and Lanner, including audio or videotape recordings, discussing product failures of the Product, whether reported by SV or others.

RESPONSE:
**Objection.** Defendant objects to the extent the request is overly broad, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing, see SV LEI 1-1179 and LEI 113-217.

SUPPLEMENTAL RESPONSE:
See also email correspondence produced in native format.

13. Produce documents and materials showing the date and times (and frequency) of Defendant's actual access to the recorder settings and hard drive utilization, either through wifi settings or cellular connectivity or in person, for all Product or equipment installed on customer vehicles of SV.

RESPONSE:
See LEI 113-217.

SUPPLEMENTAL RESPONSE:
See LEI 000300.

14. Produce all documents, emails, materials or reports that are in Defendant's or Lanner's possession, custody, or control relating to notices allegedly made by Defendant on or after January 1, 2016 to Plaintiff, or any person purportedly acting as agent for any such persons, terminating the ODM Agreement.

RESPONSE:
None.

15. Produce all proposed contracts, amendments, proposals, notices, applications or other

documents that were arranged or submitted by Defendant to Plaintiff or Plaintiff to Defendant between 2016 and June 2021 for review or approval by Defendant or Plaintiff or both of the ODM Agreement.

RESPONSE:
See LEI 73-75.

16. Produce all contracts or other agreements executed between Defendant and any other entity, person or business between 2015 and 2021 that pertain to the same or similar parts or supplies utilized by LEI or Lanner in the design and manufacturing of the Product with other customers or vendors, including but not limited to Tactical Micro.

RESPONSE:
**Objection.** Defendant objects to the extent the request is overly broad, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

SUPPLEMENTAL RESPONSE:
None.

17.  Produce all materials and documents relating to the Product or similar in design or functionality to the "Road Recorder 8000-Network Video Recorder" (*see*, LEI 00001-057- sometimes referred to as NVR or RR 8000) prepared or submitted by Defendant or Lanner relating to any sales distribution channel through which Defendant's or Lanner's products or services were to be sold, marketed, or promoted between 2016 and 2021.

RESPONSE:
**Objection.** Defendant objects to the extent the request is overly broad, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

18.  Produce all materials and documents relating to the classes or categories of customers to whom Defendant promoted its products or services from 2016 to June 2021 similar to the Product and specifications described in the ODM Agreement.

RESPONSE:
**Objection.** Defendant objects to the extent the request is overly broad, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

SUPPLEMENTAL RESPONSE:
None.

19.  Produce all materials relating to the classes or categories of customers to whom Defendant attempted to sell, market, or promote products or services as the same or similar to the RR 8000 four (4) years before the issuance of the ODM Agreement with Plaintiff.

RESPONSE:
**Objection.** Defendant objects to the extent the request is overly broad, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

SUPPLEMENTAL RESPONSE:
None.

20.  Produce documents, in summary form, relating to the dollar and unit volume of sales of the
Product to any other customer (other than SV) by Defendant or Lanner between 2015 and 2021.

RESPONSE:
**Objection.**  Defendant objects to the extent the request is overly broad, not relevant, and not
reasonably calculated to lead to the discovery of admissible evidence.

SUPPLEMENTAL RESPONSE:
None.

21.  Produce all materials relating to any formal or informal market studies, surveys, polls, focus
groups, or other studies by Defendant or Lanner of servicing or responding to alleged product
failures or warranty claims or the provisions in other ODM similar agreements.

RESPONSE:
**Objection.**  Defendant objects to the extent the request is overly broad, not relevant, and not
reasonably calculated to lead to the discovery of admissible evidence.

SUPPLEMENTAL RESPONSE:
None.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAFETY VISION, LLC | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-03306 |
| | § | |
| LEI TECHNOLOGY CANADA AND | § | |
| LANNER ELECTRONICS, INC. | § | |
| *Defendants.* | § | |

**DEFENDANT'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

TO:   Plaintiff Safety Vision, LLC, by and through its attorney of record, Patrick McGettigan, 13625 Ronald Reagan Blvd., Building One, Suite 100, Cedar Park, TX 78613, Phone: 512-476-1121, Fax: 512-476-1131.

Defendant LEI TECHNOLOGY CANADA submits these supplemental objections and responses to Plaintiff's First Set of Interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure.

Respectfully submitted,

**HARTLINE BARGER LLP**

By: */s/ Staci M. Vetterling*
     Darrell L. Barger
     Texas Bar No. 01733800
     dbarger@hartlinebarger.com
     Staci Vetterling
     Texas Bar No. 24051059
     Svetterling@hartlinebarger.com
     1980 Post Oak Blvd., Suite 1800
     Houston, Texas  77056
     Phone:  (713) 759-1990
     Fax: (713) 652-2419

**ATTORNEYS FOR DEFENDANT
LEI TECHNOLOGY CANADA**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing instrument has been forwarded to all known counsel of record as listed below by the method of service indicated on this 12th day of June 2023.

Patrick J. McGettigan
13625 Ronald Reagan Blvd.
Building One, Suite 100
Cedar Park, TX 78613
Phone: 512-476-1121
Fax: 512-476-1131
Email: pmcgettigan@inhousegc.com
*Attorney for Plaintiff*

 */s/ Staci M. Vetterling*
Staci Vetterling

## <u>DEFENDANT'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO</u>
## <u>PLAINTIFF'S FIRST SET OF INTERROGATORIES</u>

1. What is the name and address of the person(s) answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

ANSWER:
Terence Chou
GM, Lanner North America

2. Describe the specific acts required by the ODM Agreement that you contend Plaintiff failed to perform.

ANSWER:
Plaintiff breached ODM Section 7 , subsection 7.1 by not making payments for product received.

SUPPLEMENTAL ANSWER:
To the extent Plaintiff claims a warranty issues, Plaintiff failed to comply with ODM Section 11, subsections 11.1.4 and 11.2.1.

3. For each specific act described in Interrogatory Number 2 above, explain in detail how each of those requirements was not met.

ANSWER:
Safety Vision did not pay for $244,927.70 for products it received and accepted under the contract.

SUPPLEMENTAL ANSWER:
To the extent Safety Vision claims products were defective, Safety Vision did not return products it claims did not operate as warranted, instead electing to replace LEI product with alternative product.

4. Provide the date the ODM Agreement was terminated and the reason(s) if any, given to Plaintiff for such termination.

ANSWER:
The ODM was not terminated in accordance with Section 16.

5. List the names and addresses of all persons who are believed or known by you, of your agents or attorneys to have any knowledge concerning any of the performance and warranty issues in this lawsuit and specify the subject matter about which the witness has knowledge.

ANSWER:
See persons identified in correspondence between Plaintiff and Defendant, Bates Labeled SV LEI 1-1179.  For additional response,

Daren Khatib
114 Simcoe Rd.
King, ON L7B 0C7
Canada
416-357-4144

Murray Bullied
508-2075 Amherst Heights Dr.
Burlington, ON L7P 5B8
Canada
416-710-4623

Dean McArthur
4172 Bianca Forest Dr.
Burlington, ON L7M 4L4
Canada
437-778-2173

Tom Howley
13115 FM 1764 Rd.
Santa Fe, TX 77510
832-221-4442

Andy Chean
35 Rayal Gala Cres.
Richmond, ON L4S 1Y5
Canada
647-608-8287

LEI current employees
Geoffrey Egger
Terence Chou
Carol Li
c/o Staci Vetterling
Hartline Barger
1980 Post Oak Blvd., Suite 1800
Houston, TX 77056

6.  State the name, address, and telephone number of each person who has given you, or anyone representing LEI interests in this lawsuit, a written or recorded statement concerning any aspect of this lawsuit.

ANSWER:
None.

7.  Describe in detail your responsibilities under the ODM Agreement as far as designing, manufacturing and selling the Product (*see*, recital on page 1 of the ODM Agreement).

ANSWER:
The ODM clearly states the responsibilities of each party with respect to the design, manufacture and sale of the Product.

8.  Describe in detail Lanner's responsibilities under the ODM Agreement as far as manufacturing the Product.

ANSWER:

The ODM clearly states the responsibilities of each party with respect to the design, manufacture and sale of the Product.

9.  Describe in detail each time Plaintiff reported to you product failures, product defects and assorted failures as alleged in the Complaint. For every occurrence, provide the date, specific process or processes with which Defendant responded to such reports, and the individuals involved.

ANSWER:
See correspondence between Plaintiff and Defendant, Bates Labeled SV LEI 1-1179.

SUPPLEMENTAL ANSWER:
See LEI 000155-000217.

10. Does Defendant LEI contend that it was not required, pursuant to the ODM Agreement, to comply with all the Product specifications as outlined in the Exhibits attached to the ODM Agreement and attached thereto?

ANSWER:
LEI contends it was required to perform the under the terms of the ODM.

11. If your answer to Interrogatory 10 above is yes, please state with specificity the following:
    a.  The Product specification with which LEI contends it was not required to comply;
    b.  Identify all documents which support LEI's contention and/or interpretation; and
    c.  Identify the individual with the most knowledge of LEI's contention and/or interpretation.

ANSWER:
n/a

12. Describe the computation of damages you claim as part of this lawsuit and the total amount of each category of damages you describe.

ANSWER:
LEI alleges further that Safety Vision breached the contract, specifically, Section 7. Payment, subsection 7.1. by not making payments for products received. Safety Vision owes LEI $244,927.70 for products it received and accepted under the contract.  Additionally, Safety Vision sent a Purchase Order for additional products which were not shipped and remain in inventory, valued at approximately $60,000.

13. Has anything been paid or is anything payable from any third party for the damages listed in your answers to these Interrogatories? If so, state the amounts paid or payable, the name and business address of the person or entity who paid or owes said amounts, and which of those third parties have or claim a right of subrogation.

ANSWER:
No.