IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SAFETY VISION, LLC § <br>    *Plaintiff,* § <br> § <br> v. § <br> § <br> § <br> LEI TECHNOLOGY CANADA AND § <br> LANNER ELECTRONICS, INC. § <br>    *Defendants.* § | CIVIL ACTION NO. 4:21-cv-03306 |

# SAFETY VISION'S RESPONSE TO DEFENDANT'S MOTION TO EXTEND TIME TO THE DISPOSITIVE MOTION DEADLINE AND TRIAL SETTING

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Safety Vision, LLC ("Safety Vision" or "SV"), Plaintiff in the above-caption case, through its undersigned counsel, files the following Response to Defendant, LEI Technology Canada ("LEI" dba or aka Lanner Electronics USA)[1] Motion for Extension of Dispositive Motion Deadline and Trial Setting ("Motion to Extend Scheduling Order Dates") (Doc. No. 50).

## SUMMARY OF RESPONSE

Overall, the Motion to Extend Trial Scheduling Order Dates is skewed because it purposely omits critical procedural background facts and context, including but not limited to:

- This case is almost 3 years pending, having been filed in June 2021.
- The trial date is more than 100 days away (July 22, 2024) and "new experts" can be deposed as recently agreed to by the parties (or sooner), months before the trial date.

---

[1] LEI Technology Canada (LEI) is also doing business as or known as Lanner Electronics USA.

1

- The trial date has been extended at least 2 times[2] because LEI did not produce documents until after August 17, 2023 as Ordered by the Court on July 18, 2023.

- LEI's refusal and failure to timely do discovery should not be ignored. LEI took the position in response to a Motion to Compel by SV that it did a search for relevant documents and had no documents to produce prior to the discovery cut-off date. Despite LEI's assertion that it had no documents, it turned out that a search as ordered by the Court on July 18, 2023 pursuant to SV's Motion to Compel resulted in more than 50,000 documents (the documents were actually produced by LEI over several weeks beginning after August 17, 2023), mostly internal emails between employees of LEI and its parent entity, Lanner Electronics, Inc. ("Lanner").[3] Clearly, the documents always existed.

- On November 16, 2023, SV filed its Motion for Leave to File a First Amended Complaint (Doc. No. 35) explaining to the Court that the additional documentary evidence (solely in the possession and control of Defendants) obtained from the voluminous production resulted in a reevaluation of the facts supporting the additional causes of action. A copy of the proposed First Amended Complaint ("FAC") was attached as an Exhibit to the Motion for Leave.

- On December 28, 2023, in open Court, the Court granted the Motion for Leave, and in response to LEI's attorney requesting additional time (from the May 20, 2024 trial date[4]) asked counsel during the hearing if the new trial, dispositive motion, and other scheduling dates proposed by the Court (July 22, 2024) presented a problem.[5] LEI did not object to the new dates. The Court admonished the parties there would be no further extension of time. Over three months have passed since the Court granted leave to amend and nearly five months since the Motion for Leave with the FAC attached was filed. LEI was given a 60-day extension and knew the timeline it was facing as of December 28, 2023. Yet, it took no action.

- LEI's Motion does not establish good cause for an extension of time. LEI does not provide an explanation for not complying with the present scheduling order (other than it has

---

[2] First on September 5, 2023 and again on December 28, 2023.
[3] From LEI's discovery, it is clear that all employees whether working for LEI or Lanner used "@lanner.com" email domain names and there are no independent "LEI" email domain names.
[4] See, Minute Entry September 5, 2023.
[5] On December 29, 2023, the Court entered a Minute Entry confirming its granting of the Motion for Leave and the new trial and dispositive motion deadlines agreed to at the hearing on December 28, 2023.

engaged "new lead counsel") nor does LEI point to any reason for modification except to say it now wants to file a (new) motion for summary judgment and the "new lead counsel" wants to have "an opportunity to review the file" and to "intake the case". All the while, there are at least six (6) other attorneys from two law firms on the case. Further, four of those attorneys are from the same law firm that has represented LEI since this lawsuit's inception in June 2021. In other words, this is not a situation in which LEI has fired its prior law firm, but rather LEI has just hired an additional, new law firm adding an additional three lawyers onto LEI's prior team of four lawyers.

- With seven (7) attorneys on the case, there is ample time to prepare for trial. LEI's suggestion that its new lead counsel needs additional time to prepare is completely unfounded. The fact of adding new counsel after years of litigation and right before trial is not justification for extending a scheduling order on a case where the trial date has already been extended twice. This is especially so when the original law firm representing LEI is still representing LEI.

- LEI can easily file a "dispositive motion" before the April 22nd deadline detailing its position on the ISO Reports for which the new expert was retained after SV discovered the existence of the ISO Reports. LEI does not provide any rationale that any "new" experts will concur on any aspect of the ISO Report. Furthermore, the Plaintiff's prior designated expert, Michael Hubbell, filed his Supplemental Declaration on November 16, 2023 that detailed the ISO interpretation that the test results showed failure.[6] This was more than four (4) months ago. Keep in mind that LEI already designated an expert more than a year ago. Presumably, LEI does not want its originally retained expert to testify at trial. At a minimum, LEI should explain the reason for not having its existing expert testify on the ISO Reports which LEI commissioned and were always in the possession of LEI.

- LEI contends that additional time will allow for a more "robust record" for purposes of settlement or mediation. SV disagrees. The record is robust with thousands of internal emails and reports obtained or generated by LEI/Lanner. SV has attempted on two occasions (dating back to November 2023) to have good-faith mediation conferences before Judge Palermo based on the contours of liability and damages. LEI did not attend such mediations in good faith and made no effort to resolve this case before, at, or after

---

[6] Doc. No. 36. ¶¶ 21-37

- mediation. SV does not agree to further mediation with the attendant time and expense unless and until LEI demonstrates good faith to resolve the dispute.

- At the confer conference, SV did not tell LEI it might seek "more documents." Plaintiff's counsel simply reminded LEI's counsel that LEI has a duty to supplement its discovery and produce the documents the Court has already ordered or which LEI has agreed to produce. In that connection, SV will send a reminder to LEI of its duty to supplement. This would include documents Judge Palermo ordered[7] to be produced before the second mediation date including emails of sending reports to SV. LEI did not produce such documents or any emails showing presentation of the ISO Reports to SV.

- Plaintiff is not required to show potential prejudice; however, prejudice to Plaintiff is clear from the record. Granting Defendant's Motion will delay the resolution and progress of this case; Plaintiff has relied on July 22, 2024, and has commitments from at least 10 persons who have scheduled their summer vacations accordingly. Defendant continues to steadfastly attempt to delay, deny and misdirect attention from the core facts. This has been the pattern even prior to the filing of the lawsuit. As a result, Plaintiff has had ongoing attorney fees, costs and expenses for obtaining discovery and responding to numerous LEI motions without any good faith basis for its positions. SV has also learned that LEI/Lanner's insurance is an eroding policy and LEI/Lanner's defense is being paid under the terms of the policy.

I.

Motion is for Delay.

LEI's Motion is for the purposes of delay only. This is apparent from the recent filings made by LEI to add two (2) more attorneys from the same law firm[8] that has represented LEI from the beginning and then to add three (3) other attorneys from a new law firm[9]. The number of attorneys who are still active on the case now numbers seven (7), five (5) of which were added since March 28, 2024. Further, LEI has offered no explanation for its reason not to complete discovery within the allotted period. The choice by LEI to retain additional counsel does not entitle LEI to undo choices already made or to start this case "anew," and delaying this case more would

---

[7] Doc. No. 33,¶ 2
[8] Doc. Nos. 45, 46
[9] Doc. Nos. 47,48, 49

only penalize SV for its diligence and would exacerbate rather than cure such prejudice. As a result, the Motion to Extend Scheduling Order Dates should be denied.

II.

Motion Seeks Time to file a MSJ.

LEI's Motion to Extend Scheduling Order Dates alludes to filing a motion of summary judgment before the dispositive motion deadline date of April 22, 2024. Yet, the Motion completely ignores the fact that a Motion for Summary Judgment is pending as LEI filed a Motion for Summary Judgment on June 19, 2023[10] (10 months ago), and numerous Responses[11] and Replies[12], Supplemental Responses[13] [14], a Supplemental Reply[15] and a Sur Reply[16] have been filed since then, primarily SV adding and detailing the withheld evidence obtained after August 17, 2023 as a result of this Court's ordering on July 18, 2023 that LEI/Lanner conduct additional searches of its records which produced over 50,000 documents. LEI's existing Motion for Summary Judgment has not been ruled upon.

The gist of LEI's Motion is it wants more time to take a second bite of the apple. What new evidence does LEI seek from SV by discovery that it failed to request before? LEI fails to inform the Court on that topic. There is none as shown in prior filings and repeated herein LEI already has the documents and internal emails. LEI has not explained what may support a new summary judgment or addition to their existing summary judgment LEI intends to file. At the same hearing on December 28, 2023 wherein the Court entered the current scheduling order that LEI seeks to extend, the Court also granted SV's Motion to File a Sur Reply to LEI's summary judgment and at no time did LEI insist that it would need more time to file dispositive motions or that the trial date agreed upon was too soon. Further, after such hearing, LEI has not sought any depositions from SV or depositions of any existing or former LEI or Lanner employee. In short, at all times before the discovery cut-off date, LEI failed to make any Request for Production Yet, SV voluntarily produced without the need for a formal request for production 1,179 documents[17] The

---

[10] Doc. No. 11
[11] Doc. Nos. 12, 15
[12] Doc. No. 14
[13] Doc. No. 24
[14] Doc. Nos. 34,36
[15] Doc. No. 37
[16] Doc. No. 43.
[17] Bate Stamp Nos. SV LEI 000001-001179

only delay in production of documents has been LEI's delay in producing its own documents to SV.

### III.

### Experts

Both parties timely filed initial expert reports in September 2022 and November 2022. Both parties took the depositions of the retained experts in June, 2023. Keep in mind, SV did not have the internal emails between Lanner employees and LEI until after August 17, 2023. Again, after production of the withheld evidence by LEI and Lanner, SV filed its Second Supplemental Response[18] and attached a February 2020 ISO Report which was secretly commissioned by LEI and was in LEI's possession since 2020 but only recently produced by LEI. LEI's Supplemental Reply argued that the February 2020 ISO Report was "not relevant" and attached as Exhibit G, an earlier ISO report dated December 2017, claiming that this Report met the Specifications in the ODM Agreement by stating "[t]he product was tested for compliance with ISO 7637-2 and passed" Doc.37. ¶1.4.

SV contends and its experts agree that it did not "pass" in that the results of the December 2017 ISO Report by the Report's own wording demonstrate that the LEI product did not meet the Specifications in the ODM Agreement. In other words, LEI stated in its Supplemental Reply that the December 2017 ISO Report "passed" the Specifications in the ODM Agreement without any competent evidence on the subject matter and despite the fact that the actual results in the December 2017 ISO Report demonstrate that the product did not pass the Specifications in the ODM Agreement.

As a result of LEI seeking to add new evidence, SV filed a Motion for Leave to File a Sur Reply[19] challenging this assertion and expressly denied that the December 2017 ISO Report "passed" the Specifications in the ODM Agreement and the December 2017 ISO Report was new evidence by LEI and the Court granted the filing of the Sur Reply[20]. SV also explained to the Court at the hearing on December 28, 2023 that due to the Supplemental Reply by LEI claiming the December 2017 ISO Report (never before produced by LEI) showed the test passed that SV may

---

[18] Doc. No. 34
[19] Doc. No. 39,43
[20] See Minutes Entry dated December 29, 2023.

6

engage an additional expert specifically on the topic of ISO Reports that LEI only recently produced Plaintiff's counsel informed the Court that it believed it could be done in about 30 days. Plaintiff did so within the estimated time and retained such an expert, Paul Edwards, who rendered a report which was furnished to LEI on February 2, 2024 and on February 7, 2024 SV identified Mr. Edwards in Amended Disclosures. Copies of SV's emails to counsel for LEI enclosing SV's expert report[21] and Amended Disclosures are attached as **Exhibit "A" and "B."** LEI did not object to the designation, nor the report provided on February 2, 2024 or take any action at that time to depose Mr. Edwards or name a new expert for itself. Nor has LEI provided in its Motion any explanation for waiting more than 90 days to initiate any discussion about experts. Instead, it waited and sprung this on Plaintiff's counsel when it added more attorneys.

> The Amended Disclosures, consistent with the report by Mr. Edwards, state in part:
>
> *Mr. Edwards may be called to testify and provide his opinion and evaluation regarding the ODM Agreement provisions regarding the design and manufacturing specifications and the ISO reports, including the minimum Class C criteria requirement, and other internal reports and emails produced by Defendants. His testimony may include other subjects or opinions referenced in the report and documents produced by Defendants, most notably internal emails produced after August 18, 2023, including reasonable inferences arising therein, best practices for handling similar projects including root cause analysis and claims to meet industry standards and to comply with the terms of the written ODM agreement.*

It appears that LEI may not have even bothered to read SV's expert report sent on February 2, 2024 since on April 3, 2024 counsel for LEI requested that the exhibits to SV's expert report be resent since the shared link for obtaining the exhibits had expired. It should be noted that the February 4, 2024 email specifically states that the link will disappear in seven days "[t]herefore, if you desire to retain the documents, please download the same." SV resent the report and exhibits to the report on April 8, 2024. A copy of this email correspondence is attached as **Exhibit "C."** Coincidentally or not, LEI's new "lead counsel" made his appearance on April 10, 2024 followed directly by the current Motion to Extend Scheduling Order Dates.

IV

Fishing Expedition

---

[21] For brevity, the actual expert report and all of the attachments were sent by email to LEI on February 2, 2024.

A basic reading of the Motion shows on its face that LEI does not specify what discovery it wants to do now that was not known years ago by it when it filed a Joint Discovery Case Management Plan on January 18, 2022[22] or any time thereafter. This is simply a request by LEI to start over. A pure fishing expedition without any compass or guide as to what discovery it seeks to do. LEI apparently has made a belated (albeit dilatory) decision to change its defense strategy and how it intends to defend this case. As has been known by LEI from the beginning of these cases, there are no former LEI employees with actual knowledge of the facts subject to the subpoena range of the Court, as those who do have knowledge live in Canada. Furthermore, Lanner employees are in Taiwan. And LEI has taken no steps to take depositions of any of these witnesses with actual knowledge and under or subject to its control. Only after SV showed by clear evidence that Defendants withheld evidence did the Court order production of internal emails which produced over 50,000 LEI/Lanner documents[23]. This conduct and untimely discovery followed two (2) years of no discovery by LEI except for three (3) depositions in June 2023.

The evidence that was finally produced by LEI after August 17, 2023 beget undisclosed internal ISO diagnostic and testing reports that were not known to SV nor shared with SV, and which ISO reports detail the breach of the ODM Agreement and evidence of other facts supportive of the FAC. In short, all of the "evidence" recently produced are documents from LEI/Lanner which were improperly withheld by LEI/Lanner, not SV. Therefore, if any party is prejudiced or would need additional time, it is SV, not LEI, yet SV's only desire is that this case should efficiently be resolved pursuant to the Court's currently set trial date.

V.

Recent Conferral on April 5 and Letter Agreement dated April 8.

Despite an allegation in LEI's Motion to Extend Scheduling Order Dates that LEI conferred with counsel for SV, the attorneys for SV have never been contacted by the new "lead counsel," Lee Kaplan, who filed a Notice of Appearance less than an hour before the filing of the Motion To Extend Trial Scheduling Order. Attorney Kaplan and the retention of Mr. Kaplan's law firm, a whole new law firm, was never mentioned in SV's attorneys' phone conference with Attorney

---

[22] Doc. No. 5, See item 11 on the other hand demonstrates that SV insisted on internal emails from the start where SV states it "believes that there exists an unspecified volume of communications by email or otherwise between LEI and Lanner… relevant to this dispute and the product reported defects, deficiencies and issues."
[23] Minute entry on July 18, 2023 and Doc. 23 filed on August 28, 2023.

8

David Green on Friday, April 5th. Prior to the phone conference, Mr. Green for LEI drafted a proposed "joint motion" for continuance for SV's review. After reading such, SV's counsel sent Mr. Green an email explaining the issues it had with the proposed motion. A copy of the email dated April 3 2024 is attached hereto as **Exhibit "D."**

The Confer phone conference with Mr. Green on April 5th resulted in an understanding that LEI wished to depose Mr. Paul Edwards, the additional expert designated by SV to address the late produced (undisclosed) ISO Reports. SV believed it was a bit late to start that dialogue since two (2) months had passed since Mr. Edwards gave his report, more than three (3) months since the Court entered a Minutes Order detailing the new deadlines, and more than four (4) months since the Motions for Leave to File the FAC and Sur Reply. However, Mr. Edwards was a "new" expert, and to avoid further delay and unnecessary Court intervention, SV outlined the proposal for achieving that end. SV did not agree to extend the time for dispositive motions or set a new trial date, believing that there was ample time for the Defendant to conduct the limited discovery of new experts.

Nor did LEI inform SV that the purpose for extending the dispositive motion deadline was to file a new motion for summary judgment. This is evident in the letter dated April 8, 2024 and the emails exchanged—not a word about summary judgment or the like. As a courtesy, SV simply agreed to cooperate with LEI, who wished to produce a new expert and provide a report followed by depositions, if need be, for purposes of preparing for the July 22, 2024 trial date Nor was there any mention during the confer call that LEI was going to hire a new law firm, three new lawyers, and a new proposed "lead attorney." In fact, Mr. Green, although with the same law firm since the inception of this case, had only filed an appearance about a week prior.[24] It is no coincidence that three (3) new attorneys from a new law firm make an appearance literally the day after SV signs and returns to LEI the requested letter on taking expert depositions (which is attached to LEI's Motion to Extend the Trial Date) and then the day later LEI retains a new law firm, three (3) new attorneys, and uses as an excuse to extend the trial and dispositive motion deadlines with the buoyed argument that SV agreed to work with LEI to take expert depositions. Had SV known that LEI intended to distort that understanding to set up an artificial argument for more time to extend the trial and dispositive motion deadline, SV would not have conferred in the spirit it did.

---

[24] Doc. No 45 filed on March 28, 2024

9

CONCLUSION

In conclusion, LEI has not shown good cause for its Motion to Extend Scheduling Order Dates nor has LEI shown due diligence in discovery or meeting the scheduling order's deadlines. Pursuant to Rule 16(b)(4), a scheduling order may be modified only for good cause and with the judge's consent." *See* Rule 16(b)(4), *Fed.R.Civ.P.* The good cause standard "requires the movant to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Puig v. Citibank, N.A.*, 514 Fed.Appx. 483, 488 (5th Cir. 2013) (quoting *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003).

LEI offers no explanation for its failure to complete discovery within the allotted time period. At most, LEI has shown that LEI made a decision to retain an additional firm (not that LEI fired its old law firm who still represents LEI) and that somehow such justifies an extension. In *Puig,* the Fifth Circuit found that the district court did not abuse its discretion in denying a motion to modify a scheduling order even though a party's counsel actually withdrew reasoning that the movant failed to "explain why they were unable to conduct discovery" and failed "to show diligence in meeting the scheduling order's discovery deadline." *Puig*, 514 Fed.Appx. at 488. Similarly, in *Nguyen*, the district court held "a recent change of counsel does not entitle defendants to attempt to undo the strategic choices made by prior counsel." *Nguyen*, 2016 WL at *3. LEI states that extension of the deadlines would promote settlement, but offers no viable explanation as to why LEI after nearly three (3) years of litigation and two attempts at mediation with Judge Palermo now believes more time is needed for settlement. It should be noted that Judge Palermo extended the mediation to another date to give LEI more time to assess its liability, yet even at the second mediation LEI was not prepared to mediate in good faith. SV will be prejudiced by granting the LEI's Motion to Extend Scheduling Order Dates which would only delay the trial and penalize SV for its diligence and award LEI for its lack of diligence. *See Nguyen*, 2016 WL at *3 (wherein the Court denied a motion to continue the trial and reopen discovery reasoning that "reopening discovery would unacceptably delay the trial and penalize plaintiff for their comparative diligence in litigating the case, and a continuance would exacerbate rather than cure the prejudice").

Therefore, LEI's Motion to Extend Scheduling Order Dates should be in all things denied.

Respectfully submitted this 11th day of April 2024.

        */s/Patrick McGettigan*
        Patrick J. McGettigan
        Texas Bar No. 13624500
        13625 Ronald Reagan Blvd.
        Building One, Suite 100
        Cedar Park, Texas 78613
        Telephone: (512) 476-1121
        Mobile: (512) 748-8371
        pmcgettigan@inhousegc.com

        */s/Kenneth Curtin*
        Kenneth Curtin
        Adams and Reese, LLP
        100 N. Tampa Street, Suite 4000
        Tampa, FL 33602
        Office: (813)-227-5521
        Mobile: (561) 308-0148
        Ken.Curtin@arlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of April 2024, I electronically emailed the foregoing Plaintiff's response to opposing counsel, Staci Vetterling, Hartline Barger, L.L.P., 1980 Post Oak Blvd, Suite 1800, Houston, Texas 77056 svetterling@hartlinebarger.com and new lead counsel, Lee Kaplan, 1001 Fannin. Suite 720, Houston, Texas 77002 lkaplan@mbssmartlaw.com

        */s/Patrick McGettigan*
        Patrick McGettigan