IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAFETY VISION, LLC, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-03306 |
| | § | |
| LEI TECHNOLOGY CANADA and | § | |
| LANNER ELECTRONICS, INC. | § | JURY TRIAL DEMANDED |

## LEI TECHNOLOGY CANADA'S ANSWER TO
## SAFETY VISION, LLC'S FIRST AMENDED COMPLAINT

Defendant LEI Technology Canada ("LEI") files this Answer to Plaintiff Safety Vision, LLC's ("Plaintiff" or "Safety Vision") First Amended Complaint [D.E. 42]. LEI denies each allegation that is not expressly admitted below.

### PREAMBLE

Plaintiff makes substantive allegations against LEI in one unnumbered and untitled Paragraph preceding the first titled section of the First Amended Complaint. D.E. 42 at 1 & n.1. These allegations are not a short and plain statement of Plaintiff's claims as required by Federal Rule of Civil Procedure 8; and, as a result, LEI need not respond. To the extent a response is required, the Court's orders, as well as any submissions and discovery to date, speak for themselves, and LEI denies any allegations inconsistent therewith. LEI otherwise denies the allegations in this Paragraph and its Footnote.

### ANSWER TO OVERVIEW

1.  LEI admits only that Plaintiff filed a lawsuit in June 2021. LEI otherwise denies the allegations in Paragraph 1.

2. LEI admits only that Safety Vision holds itself out as a marketer of video equipment. LEI otherwise lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 2 and therefore denies the same.

3. LEI denies that Paragraph 3 states a complete and accurate description of its business functions. Otherwise, Paragraph 3 is not directed at LEI and therefore requires no response. To the extent a response is required, LEI denies the Paragraph's allegations.

4. LEI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 4 and therefore denies the same.

5. LEI lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 5 and therefore denies the same.

6. LEI denies that it sold nonconforming or failing equipment to Plaintiff. LEI lacks knowledge or information sufficient to form a belief as to whether Plaintiff delivered or caused to be delivered more than 1,200 units to various customers in the mobile mass transit industry. LEI admits only that the quoted text in Footnote 2 of Paragraph 6 appears to have been copied from the identified exhibit, but otherwise denies the allegations in Footnote 2 of Paragraph 6. LEI denies the remaining allegations in Paragraph 6 and Footnote 2.

7. Paragraph 7 contains a legal conclusion to which no answer is required. LEI admits only that this suit involves a contract. The contract speaks for itself, and LEI denies any allegations inconsistent therewith. LEI otherwise denies the allegations in Paragraph 7, including Footnote 3.

8. LEI denies the allegations in Paragraph 8.

9. LEI denies the allegations in Paragraph 9.

10. LEI denies the allegations in Paragraph 10.

11. LEI admits only that Plaintiff purports to bring claims against LEI and another entity. Footnote 4 of Paragraph 11 is not directed at LEI and therefore requires no response. To the extent a response is required, LEI lacks information or knowledge sufficient to form a belief about the truth or falsity of the allegations in Footnote 4 and therefore denies the same. The identified contract speaks for itself, and LEI denies any allegations inconsistent therewith. LEI otherwise denies the allegations in Paragraph 11, including its Footnotes.

**ANSWER TO PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

12. LEI admits only that it answered Plaintiff's state-court lawsuit and then removed the lawsuit to this Court. LEI otherwise denies the allegations in this Paragraph, including Footnote 6.

13. Paragraph 13 is not directed at LEI and therefore requires no response. To the extent a response is required, LEI denies the Paragraph's allegations.

14. LEI admits that the quoted text appears to have been copied from the referenced exhibit. The identified contract speaks for itself, and LEI denies any allegations inconsistent therewith. LEI otherwise denies the allegations in Paragraph 14, including its Footnotes.

15. This Paragraph and its Footnotes contain legal conclusions to which no responses are required. The identified contract speaks for itself, and LEI denies any allegations inconsistent therewith. LEI otherwise denies the allegations in this Paragraph and its Footnotes.

16. LEI denies the allegations in this Paragraph.

17. LEI denies the allegations in this Paragraph.

18. LEI denies the allegations in this Paragraph.

19. This Paragraph and its Footnote contain legal conclusions to which no responses are required. The identified contract speaks for itself, and LEI denies any allegations inconsistent therewith. LEI otherwise denies the allegations in this Paragraph and its Footnote.

20. This Paragraph and its Footnote contain legal conclusions to which no responses are required. To the extent a response is required, LEI denies the allegations in this Paragraph and its Footnote.

21. LEI denies this Paragraph's allegations.

22. LEI denies this Paragraph's allegations.

23. LEI lacks knowledge or information sufficient to form a belief as to whether items "have been removed from the buses and replaced with substitute goods" or whether "replacements are scheduled to occur in Q4 2023 and Q1 2024." LEI therefore denies those allegations. LEI denies this Paragraph's remaining allegations.

24. LEI denies this Paragraph's allegations.

25. LEI does not understand this Paragraph to be an allegation, and LEI does not believe that the information contained in this Paragraph is directed at LEI. No response is therefore required. To the extent LEI must respond, LEI denies this Paragraph's allegations.

26. The allegations contained in this Paragraph are not directed to LEI and, therefore no response is required. To the extent LEI must respond, LEI denies this Paragraph's allegations.

27. LEI does not understand this Paragraph to be an allegation, and therefore no response is required. To the extent LEI must respond, LEI denies this Paragraph's allegations.

28. This Paragraph and its Footnotes contain legal conclusions to which no responses are required. The identified contract speaks for itself, and LEI denies any allegations inconsistent therewith. LEI otherwise denies the allegations in this Paragraph and its Footnotes.

29. LEI denies the allegations in this Paragraph.

30. LEI denies the allegations in this Paragraph.

31. This Paragraph contains legal conclusions to which no responses are required. The identified contract speaks for itself, and LEI denies any allegations inconsistent therewith. LEI otherwise denies the allegations in this Paragraph.

32. LEI lacks knowledge or information regarding Plaintiff's "usage and installation" of certain items, as well asl Plaintiff's "ongoing relationships with its end user [sic]." LEI therefore denies those allegations. LEI denies this Paragraph's remaining allegations.

33. LEI denies this Paragraph's allegations.

34. LEI denies this Paragraph's allegations.

35. LEI denies this Paragraph's allegations.

36. LEI admits only that: (a) Plaintiff ordered items under Purchase Order 1208698, (b) LEI shipped the ordered items, and (c) Plaintiff failed to pay for the ordered items. LEI otherwise denies this Paragraph's allegations.

37. LEI denies the allegations in this Paragraph and its Footnote.

38. LEI denies the allegations in this Paragraph.

39. LEI denies the allegations in this Paragraph and its Footnote.

40. LEI denies the allegations in this Paragraph.

41. LEI admits only that Plaintiff has failed to make full payment on ordered products. LEI otherwise denies the allegations in this Paragraph.

42. LEI denies the allegations in this Paragraph.

43. Paragraph 43 does not contain any information or allegations and therefore does not require a response. To the extent LEI must respond, LEI denies Paragraph 43.

## ANSWER TO COUNT 1: BREACH OF CONTRACT

The preamble to the First Amended Complaint's "Causes of Action" section contains legal conclusions to which no response is required.

44. Paragraph 44 contains no substantive allegations, but rather appears to incorporate all allegations made in Paragraphs 1-43 of the First Amended Complaint. No response is therefore required, though LEI incorporates by reference its responses to Paragraphs 1-43 of the First Amended Complaint.

45. LEI admits only that that the First Amended Complaint appears to involve a contract. That contract speaks for itself, and LEI denies any allegations inconsistent therewith. LEI otherwise denies this Paragraph's allegations.

46. This Paragraph contains legal conclusions to which no responses are required. To the extent LEI must respond, LEI denies this Paragraph's allegations. LEI specifically denies that it breached any contract purporting to be with Plaintiff. LEI further specifically denies that any purported breach of contract caused Plaintiff actionable damages.

47. This Paragraph contains legal conclusions to which no responses are required. To the extent LEI must respond, LEI denies this Paragraph's allegations.

48. This Paragraph contains legal conclusions to which no responses are required. To the extent LEI must respond, LEI denies this Paragraph's allegations.

## ANSWER TO COUNT 2: DECLARATORY JUDGMENT

49. Paragraph 49 contains no substantive allegations, but rather appears to incorporate all allegations made in Paragraphs 1-48 of the First Amended Complaint. No response is therefore required, though LEI incorporates by reference its responses to Paragraphs 1-48 of the First Amended Complaint.

50. This Paragraph contains legal conclusions to which no responses are required. To the extent LEI must respond, LEI denies this Paragraph's allegations.

51. This Paragraph contains legal conclusions to which no responses are required. To the extent LEI must respond, LEI denies this Paragraph's allegations. LEI specifically denies that any disclaimers of liability, of consequential damages, or of certain warranties are unenforceable.

52. This Paragraph contains legal conclusions to which no responses are required. To the extent LEI must respond, LEI denies this Paragraph's allegations.

**ANSWER TO COUNT 3: BREACH OF EXPRESS WARRANTY**

53. Paragraph 53 contains no substantive allegations, but rather appears to incorporate all allegations made in Paragraphs 1-52 of the First Amended Complaint. No response is therefore required, though LEI incorporates by reference its responses to Paragraphs 1-52 of the First Amended Complaint.

54. This Paragraph contains legal conclusions to which no responses are required. To the extent LEI must respond, LEI denies this Paragraph's allegations. LEI specifically denies it breached an express warranty.

55. This Paragraph contains legal conclusions to which no responses are required. To the extent LEI must respond, LEI denies this Paragraph's allegations.

56. This Paragraph contains legal conclusions to which no responses are required. To the extent LEI must respond, LEI denies this Paragraph's allegations.

57. This Paragraph contains legal conclusions to which no responses are required. To the extent LEI must respond, LEI denies this Paragraph's allegations.

58. This Paragraph contains legal conclusions to which no responses are required. To the extent LEI must respond, LEI denies this Paragraph's allegations.

59. This Paragraph contains legal conclusions to which no responses are required. To the extent LEI must respond, LEI denies this Paragraph's allegations.

60. This Paragraph contains legal conclusions to which no responses are required. To the extent LEI must respond, LEI denies this Paragraph's allegations. LEI specifically denies that it breached any express warranties.

**ANSWER TO COUNT 4: BREACH OF IMPLIED WARRANTY**

61. Paragraph 61 contains no substantive allegations, but rather appears to incorporate all allegations made in Paragraphs 1-60 of the First Amended Complaint. No response is therefore required, though LEI incorporates by reference its responses to Paragraphs 1-60 of the First Amended Complaint.

62. This Paragraph contains legal conclusions to which no responses are required. To the extent LEI must respond, LEI denies this Paragraph's allegations.[1]

64. This Paragraph contains legal conclusions to which no responses are required. To the extent LEI must respond, LEI denies this Paragraph's allegations.

65. This Paragraph contains legal conclusions to which no responses are required. To the extent LEI must respond, LEI denies this Paragraph's allegations. LEI specifically denies that it breached any warranty.

66. This Paragraph contains legal conclusions to which no responses are required. To the extent LEI must respond, LEI denies this Paragraph's allegations.

67. This Paragraph contains legal conclusions to which no responses are required. To the extent LEI must respond, LEI denies this Paragraph's allegations. LEI specifically denies that

---

[1] The First Amended Complaint's paragraph numbering skips from 62 to 64. LEI's answer numbering therefore does the same.

it breached any warranty. LEI further specifically denies that any warranty failed of its essential purpose.

68. This Paragraph contains legal conclusions to which no responses are required. To the extent LEI must respond, LEI denies this Paragraph's allegations.

69. This Paragraph contains legal conclusions to which no responses are required. To the extent LEI must respond, LEI denies this Paragraph's allegations.

70. This Paragraph contains legal conclusions to which no responses are required. To the extent LEI must respond, LEI denies this Paragraph's allegations.

71. LEI admits only that, in this Paragraph, Plaintiff states that it seeks attorney's fees and costs. LEI denies that Plaintiff is entitled to the same and otherwise denies this Paragraph's allegations.

## ANSWER TO COUNT 5: DECEPTIVE TRADE PRACTICES

72. Paragraph 72 contains no substantive allegations, but rather appears to incorporate all allegations made in Paragraphs 1-71 of the First Amended Complaint. No response is therefore required, though LEI incorporates by reference its responses to Paragraphs 1-71 of the First Amended Complaint.

73. This Paragraph contains legal conclusions to which no responses are required. To the extent LEI must respond, LEI denies this Paragraph's allegations. LEI specifically denies that it violated the Texas Deceptive Trade Practices Act.

74. LEI denies this Paragraph's allegations.

75. LEI denies this Paragraph's allegations.

76. This Paragraph contains legal conclusions to which no responses are required. To the extent LEI must respond, LEI denies this Paragraph's allegations.

77. This Paragraph contains legal conclusions to which no responses are required. To the extent LEI must respond, LEI denies this Paragraph's allegations.

78. LEI denies this Paragraph's allegations, including the allegations set forth in each of the Paragraph's subparts. LEI specifically denies that it violated the Texas Deceptive Trade Practices Act.

79. This Paragraph contains legal conclusions to which no responses are required. To the extent LEI must respond, LEI denies this Paragraph's allegations.

80. This Paragraph contains legal conclusions to which no responses are required. To the extent LEI must respond, LEI denies this Paragraph's allegations. LEI specifically denies that it violated the Texas Deceptive Trade Practices Act.

81. This Paragraph contains legal conclusions to which no responses are required. To the extent LEI must respond, LEI denies this Paragraph's allegations.

82. LEI admits only that, in this Paragraph, Plaintiff states that it seeks attorney's fees and costs. LEI denies that Plaintiff is entitled to the same and otherwise denies this Paragraph's allegations.

**ANSWER TO COUNT 5[2]: FRAUDULENT NONDISCLOSURE AND CONCEALMENT**

83. Paragraph 83 contains no substantive allegations, but rather appears to incorporate all allegations made in Paragraphs 1-82 of the First Amended Complaint. No response is therefore required, though LEI incorporates by reference its responses to Paragraphs 1-82 of the First Amended Complaint.

---

[2] The First Amended Complaint labels as "Count 5" both its "Deceptive Trade Practices" and "Fraudulent Nondisclosure and Concealment."

84. LEI admits only that, in this Paragraph, Plaintiff purports to assert fraud. LEI otherwise denies this Paragraph's allegations.

85. LEI denies this Paragraph's allegations.

86. LEI denies this Paragraph's allegations.

87. This Paragraph contains legal conclusions to which no responses are required. To the extent LEI must respond, LEI denies this Paragraph's allegations.

88. This Paragraph contains legal conclusions to which no responses are required. To the extent LEI must respond, LEI denies this Paragraph's allegations.

## ANSWER TO ESTOPPEL AND WAIVER

89. This Paragraph contains legal conclusions to which no responses are required. To the extent LEI must respond, LEI denies this Paragraph's allegations.

## ANSWER TO AGENCY

90. This Paragraph contains legal conclusions to which no responses are required. To the extent LEI must respond, LEI denies this Paragraph's allegations.

## ANSWER TO DAMAGES

91. Paragraph 91 contains no substantive allegations, but rather appears to incorporate all allegations made in Paragraphs 1-90 of the First Amended Complaint. No response is therefore required, though LEI incorporates by reference its responses to Paragraphs 1-90 of the First Amended Complaint.

92. This Paragraph contains legal conclusions to which no responses are required. To the extent LEI must respond, LEI denies this Paragraph's allegations.

## ANSWER TO ATTORNEY'S FEES

93. This Paragraph contains legal conclusions to which no responses are required. To the extent LEI must respond, LEI denies this Paragraph's allegations.

## ANSWER TO CONDITIONS PRECEDENT AND NOTICE

94. This Paragraph contains legal conclusions to which no responses are required. To the extent LEI must respond, LEI denies this Paragraph's allegations.

## ANSWER TO PRAYER

LEI denies all allegations under the heading "Prayer" on page 26 of the First Amended Complaint. LEI specifically denies that Plaintiff is entitled to a judgment in its favor.

## JURY DEMAND

LEI respectfully demands a jury trial.

## AFFIRMATIVE DEFENSES

1. LEI specifically denies all allegations to the extent they are not addressed in the foregoing admissions and denials. LEI specifically denies all claims of breach of contract, declaratory judgment, express warranty, implied warranty, deceptive trade practices, fraudulent nondisclosure/fraudulent concealment, estoppel/waiver, damages, and attorney's fees.

2. Plaintiff's claims are barred, in whole or in part, because Plaintiff fails to state a claim upon which relief may be granted.

3. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

4. Plaintiff's claims are barred, in whole or in part, by disclaimers of liability, of damages, and of warranties.

5. Plaintiff's claims are barred, in whole or in part, by the operative contract's exclusive remedies provisions.

6. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate its damages.

7. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to comply with contractual warranty requirements.

8. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

9. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and quasi-estoppel.

10. Plaintiff's claims are barred, in whole or in part, because Plaintiff did not satisfy contractual conditions precedent or conditions precedent pursuant to the Uniform Commercial Code. Specifically, Plaintiff failed to comply with all procedural and notice provisions in the operative contract, as well as applicable notice provisions in Article 2 of the UCC.

11. Plaintiff's claims are barred, in whole or in part, because Plaintiff did not perform as required under the operative contract.

12. Plaintiff's claims are barred, in whole or in part, because Plaintiff materially breached the operative contract. Specifically, Plaintiff accepted and/or took possession of certain items under the contract but failed to pay for those items.

13. To the extent that Plaintiff seeks recovery under alleged promises or other statements that were not reduced to writing, Plaintiff's claims are barred, in whole or in part, by the statute of frauds.

14. Plaintiff's claims are barred, in whole or in part, because Plaintiff accepted and did not reject or revoke all items at issue under Article 2 of the UCC.

15. Plaintiff's claims are barred, in whole or in part, because Plaintiff's damages—if any—were not caused by an alleged breach of contract, an alleged item defect, or an alleged item nonconformity.

16. Plaintiff's claims are barred, in whole or in part, by the economic loss and/or independent injury rules.

17. Plaintiff's claims are barred, in whole or in part, by Section 33.001 of the Texas Civil Practice & Remedies Code, *et seq*.

18. Plaintiff's claims are barred, in whole or in part, by the doctrines of offset and/or setoff.

19. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to join a necessary and indispensable party.

20. LEI asserts all rights and limitations as set forth in Chapter 41 of the Texas Civil Practice and Remedies Code.

21. Plaintiff's claims are barred, in whole or in part, because Plaintiff refused to allow LEI to cure allegedly nonconforming tender.

22. Plaintiff's claims are barred, in whole or in part, by the doctrines of ratification, acquiescence, and acceptance of benefits.

23. Plaintiff's claims are barred, in whole or in part, because an award of punitive or exemplary damages would violate LEI's rights under the Constitution of the United States and the Constitution of the State of Texas.

24. LEI asserts all other available defenses pursuant to any statute or regulation governing Plaintiff's claims.

25. LEI reserves the right to amend this Answer to assert other defenses which may be disclosed as discovery, disclosures, and investigation are completed.

LEI prays that the Court enter judgment in its favor and against Safety Vision as follows:

(a) Plaintiff take nothing under the First Amended Complaint,

(b) the First Amended Complaint be dismissed with prejudice in its entirety as to LEI;

(c) LEI be awarded its attorneys' fees and costs; and

(d) such other and further relief as the Court deems just and proper.

## COUNTERCLAIM

Defendant and Counter-Plaintiff LEI Technology Canada ("LEI") brings the following counterclaim against Plaintiff and Counter-Defendant Safety Vision, LLC ("Safety Vision"), as follows:

### Parties

1. LEI is a foreign entity organized under Canadian law. LEI has appeared in this action.

2. Safety Vision is a domestic entity organized under Texas law. Safety Vision has appeared in this action.

### Jurisdiction & Venue

3. The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1332 and 1367. There is complete diversity of citizenship, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

4. Venue is proper and Safety Vision submitted to the Court's jurisdiction because: (a) Safety Vision brought suit under the operative contract in this Court, (b) the acts and omissions

at issue occurred in this district, (c) Safety Vision agreed that any claim relating to the operative contract must be brought in this district, and (d) Safety Vision is a Texas citizen.

**Factual Allegations**

5. LEI and Safety Vision entered into an "ODM Agreement" on or about January 12, 2016.

6. On or about December 2, 2020, LEI shipped products to Safety Vision under the ODM Agreement pursuant to Purchase Order 1208698. Shortly thereafter, LEI invoiced Safety Vision $232,953.10 for the shipped products. Safety Vision accepted and did not reject or revoke acceptance of the products. Yet Safety Vision has not remitted payment for the December 2, 2020 shipment.

7. On or about December 22, 2020, LEI shipped products to Safety Vision under the ODM Agreement pursuant to Purchase Order 1208698. Shortly thereafter, LEI invoiced Safety Vision $5,373 for the shipped products. Safety Vision accepted and did not reject or revoke acceptance of the products. Yet Safety Vision has not remitted payment for the December 22, 2020 shipment.

8. On or about January 5, 2021, LEI shipped products to Safety Vision under the ODM Agreement pursuant to Purchase Order 1208698. Shortly thereafter, LEI invoiced Safety Vision $4,651.60 for the shipped products. Safety Vision accepted and did not reject or revoke acceptance of the products. Yet Safety Vision has not remitted payment for the January 5, 2021 shipment.

9. On or about January 12, 2021, LEI shipped products to Safety Vision under the ODM Agreement pursuant to Purchase Order 1209677. Shortly thereafter, LEI invoiced Safety Vision $1,950 for the shipped products. Safety Vision accepted and did not reject or revoke

acceptance of the products. Yet Safety Vision has not remitted payment for the January 12, 2021 shipment.

10. LEI performed its obligations under the ODM Agreement and delivered the products ordered by Safety Vision.

11. Safety Vision accepted and did not reject or revoke acceptance of the products that LEI delivered.

12. Safety Vision breached the ODM Agreement by failing to pay for the products delivered by LEI as described above.

13. Safety Vision's breaches of the ODM Agreement damaged LEI in amount of at least $244,927.70.

14. All conditions precedent to suit and recovery by LEI have been met or waived.

## Count I – Breach of Contract

15. LEI incorporates by reference the Counterclaims' prior allegations.

16. LEI and Safety Vision have a valid, binding contract: the ODM Agreement.

17. LEI performed as required under the ODM Agreement by shipping products to Safety Vision as described above in December 2020 and January 2021.

18. LEI invoiced Safety Vision for the shipped products.

19. Safety Vision did not pay LEI for the shipped products in breach of the ODM Agreement.

20. Safety Vision's breaches of the ODM Agreement damaged LEI.

## Jury Demand

21. LEI respectfully demands a jury trial on its counterclaim.

## **Prayer**

LEI respectfully requests that the Court enter judgment in its favor and against Safety Vision as follows:

(a) actual damages of at least $244,927.70;

(b) pre- and post-judgment interest at the maximum rate allowed by law;

(c) reasonable costs and attorneys' fees; and

(d) all other relief, at law or equity, to which LEI shows itself justly entitled.

Dated: April 22, 2024

Respectfully submitted,

**MURPHY BALL STRATTON LLP**

*/s/ Lee Kaplan*

Lee Kaplan
State Bar No. 11094400
Dane Ball
State Bar No. 24051642
Richard Houghton
State Bar No. 24121678
1001 Fannin Suite 720
Houston, TX 77002
Tel: 412.721.7482
lkaplan@mbssmartlaw.com
dball@mbssmartlaw.com
rhoughton@mbssmartlaw.com

**HARTLINE BARGER LLP**

Darrell L. Barger
State Bar No. 01733800
dbarger@hartlinebarger.com
Staci Vetterling
State Bar No. 24051059
svetterling@hartlinebarger.com
David W. Green
State Bar No. 08347475
dgreen@hartlinebarger.com
1980 Post Oak Blvd., Suite 1800
Houston, Texas 77056
Phone: (713) 759-1990
Fax: (713) 652-2419

Richard W. Crews, Jr.
State Bar No. 05075500
rcrews@hartlinebarger.com
800 North Shoreline,
Suite 2000, North Tower
Corpus Christi, Texas 78401
Phone: (361) 866-8000
Fax: (361) 866-8039

**ATTORNEYS FOR LEI TECHNOLOGY CANADA**

## CERTIFICATE OF SERVICE

I certify that the foregoing instrument was served by CM/ECF on all counsel of record on April 22, 2024.

*/s/ Rick Houghton*
Rick Houghton