United States District Court
Southern District of Texas
**ENTERED**
June 11, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **SAFETY VISION LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21-CV-03306 |
| | § | |
| **LEI TECHNOLOGY CANADA,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM & ORDER**

This case arises out of a business dispute between Plaintiff Safety Vision, LLC ("Safety Vision") and Defendants LEI Technology Canada ("LEI") and Lanner Electronics, Inc. ("Lanner"). Before the Court is Lanner's Motion to Dismiss for lack of personal jurisdiction and inadequate service. ECF No. 74. For the reasons that follow, the Motion to Dismiss is **GRANTED**.

### I.     BACKGROUND

In 2016, Safety Vision and LEI entered into the ODM Agreement, under which LEI was to design and manufacture mass transit video surveillance equipment for Safety Vision. LEI, a Canada-based company, is a subsidiary of Lanner, which is headquartered in Taiwan. Alleging that the products it received were defective, Safety Vision brought the present action in state court on or around June 14, 2021. ECF No. 1. LEI subsequently removed the suit to federal court. *Id.*

In July 2021, Safety Vision attempted to serve Lanner through registered mail forwarded by the Texas secretary of state. Although Safety Vision acknowledges that Lanner is headquartered in Taiwan, the address Safety Vision provided for service was 3160A Orlando Drive, Mississauga, Ontario UV1R5, Canada. ECF No. 80 (certificate of service from the Texas secretary of state).

1

This Canadian address is the headquarters of LEI and is listed as Lanner's "Americas Headquarter" on Lanner's website. ECF No. 79-1.

No response was received following this service attempt, and Lanner did not appear. In the intervening three years, the litigation between LEI and Safety Vision has progressed, and this matter is set for trial on July 22, 2024, a month and a half from now. During that time, Safety Vision did not make any other attempts at service, nor did it move for default judgment. Lanner now moves to dismiss under Rules 12(b)(2) and 12(b)(5), arguing it was never properly served and the Court lacks personal jurisdiction.

## II.    ANALYSIS

Lanner claims that the Court lacks personal jurisdiction because Lanner was not adequately served with process. Lanner has not made an appearance until filing its Motion to Dismiss.

First, the Court notes that Lanner and LEI are distinct business entities and must be served separately. The parties agree that LEI is a subsidiary of Lanner. ECF No. 42 ¶ 13; ECF No. 74 at 5. As a general rule, the Fifth Circuit does not endorse service on a subsidiary as a substitute for serving a parent company.[1] *See Gartin v. Par Pharm. Companies, Inc.*, 289 F. App'x 688, 694 (5th

---

[1] While Safety Vision notes that LEI and Lanner appear to share some employees and both operate in some capacity out of the Canada office, this is insufficient to fuse the two entities for personal jurisdiction purposes. "[A] foreign corporation receives proper service through its domestic subsidiary where the evidence shows that one is the agent or alter ego of the other." *UNM Rainforest Innovations v. D-Link Corp.*, No. 6-20-CV-00143-ADA, 2020 WL 3965015, at *4 (W.D. Tex. July 13, 2020). To determine whether a subsidiary is an alter ego of its parent company, courts must consider whether (1) the parent and the subsidiary have common stock ownership (2); the parent and the subsidiary have common directors or officers (3); the parent and the subsidiary have common business departments (4); the parent and the subsidiary file consolidated financial statements and tax returns; (5) the parent finances the subsidiary; (6) the parent caused the incorporation of the subsidiary; (7) the subsidiary operates with grossly inadequate capital; (8) the parent pays the salaries and other expenses of the subsidiary; (9) the subsidiary receives no business except that given to it by the parent; (10) the parent uses the subsidiary's property as its own; (11) the daily operations of the two corporations are not kept separate; (12) the subsidiary does not observe the basic corporate formalities, such as keeping separate books and records and holding shareholder and board meetings; (13) the directors and officers of the subsidiary act independently in the interest of that company, or whether they take their orders from the parent and act in the parent's interest; (14) the connection of the parent's employee, officer or director to the subsidiary's tort or contract giving rise to the suit. *Id.*; *Nichols*

Cir. 2008); *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir.1983). Rather, "[e]ach defendant must be served separately." *Gartin*, 289 F. App'x at 694. Although the companies might be closely related, service on LEI does not satisfy Safety Vision's obligation to serve Lanner.

As for the method of service, Texas's long-arm statute provides that "[t]he secretary of state is an agent for service of process on a nonresident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the nonresident is a party." Tex. Civ. Prac. & Rem. Code § 17.044(b). A litigant seeking to serve a nonresident defendant shall provide the "address of the nonresident's home or home office," after which the secretary of state shall send a copy of the process to the address provided via registered mail. *Id.* § 17.045(a); *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 650 (5th Cir. 1988). The parties agree that service through registered mail is permissible here, as Taiwan is not a Hague Convention signatory and Taiwanese domestic law does not prohibit service through mail. *See* Fed. R. Civ. P. 4(f)(1); *see also Vista Peak Ventures, LLC v. GiantPlus Tech. Co.*, No. 2:19-CV-00185-JRG, 2019 WL 4039917, at *2 (E.D. Tex. Aug. 27, 2019) (allowing service of Taiwanese company through registered mail).

The crux of this dispute is whether Safety Vision was required to have the secretary of state serve Lanner at its Taiwanese address or whether service at Lanner's Canadian office sufficed. Phrased differently, the Court must assess whether there is sufficient evidence that the Canadian office is Lanner's "home" or "home office."[2] The statute provides no definition for "home" or

---

*v. Pabtex, Inc.*, 151 F. Supp. 2d 772, 781 (E.D. Tex. March 23, 2001). Safety Vision neither argues under these factors, nor is it clear that the alter ego theory is applicable when both the parent and the subsidiary are nonresidents.

[2] Safety Vision relies on § 17.045(b) to argue that service on a corporate officer is sufficient regardless of the "home office" requirement. That provision states, "If the secretary of state is served with process under Section 17.044(a)(3), he shall immediately mail a copy of the process to the nonresident (if an individual),

3

"home office" to guide this inquiry. *See* Tex. Civ. Prac. & Rem. Code § 17.044; *Leedo Cabinetry v. James Sales & Distribution, Inc.*, 157 F.3d 410, 412 (5th Cir. 1998). Further, it appears no court in Texas has opined on whether an office that is not an entity's primary place of business can be considered its "home office" under the statute.

In interpreting the meaning of "home office," the Court must start with the plain meaning of the phrase. *Sw. Royalties, Inc. v. Hegar*, 500 S.W.3d 400, 404 (Tex. 2016) ("Our primary objective is to give effect to the Legislature's intent, which we ascertain from the plain meaning of the words used in the statute, if possible."). Further, statutes should be construed to "giv[e] effect to each provision so that none is rendered meaningless or mere surplusage." *TIC Energy & Chem., Inc. v. Martin*, 498 S.W.3d 68, 74 (Tex. 2016). The Court reads the phrase "home office" to require that the office be the entity's primary place of business, or the place it holds out to be its primary place of business. Had the legislature intended to allow service at *any* office, it would have excluded the qualifier "home." To read the statute to allow service at any office would be to make the word "home" mere surplusage.

In the present case, there is insufficient evidence in the record to find that the Canadian address is Lanner's home office. It is undisputed that Lanner's primary place of business is in Taiwan. Safety Vision itself acknowledges this, pleading that "Lanner is a Taiwanese company with its headquarters and business office in New Taipei City, Taiwan." ECF No. 42 ¶ 13. The main evidence Safety Vision proffers to the contrary is a screenshot from Lanner's website listing the

---

to the person in charge of the nonresident's business, or to a corporate officer (if the nonresident is a corporation)." Tex. Civ. Prac. & Rem. Code § 17.045(b). Thus, this subsection comes into play only if § 17.004(a)(3) applies. That section pertains to nonresident defendants who are "not required to designate an agent for service in this state, but become[] a nonresident after a cause of action arises in this state but before the cause is matured by suit in a court of competent jurisdiction." *Id.* § 17.004(a)(3). Lanner did not become a nonresident after the cause of action arose. As a result, § 17.004(a)(3) and, in turn, § 17.045(b) do not apply.

4

Canada address as its "Americas headquarters." ECF No. 79 at 11. However, the same page lists the Taiwan address as Lanner's "Global Headquarters." *Id.* And, the webpage states elsewhere that Lanner's "headquarters [are] in Taipei, Taiwan." ECF No. 86 at 2. Ultimately, while Lanner's website suggests that Lanner has an office in Canada, Safety Vision has not shown that this office is Lanner's home office.

Safety Vision directs the Court to *Leedo Cabinetry v. James Sales & Distribution, Inc.*, 157 F.3d 410 (5th Cir. 1998). There, the Fifth Circuit allowed service at a foreign defendant's satellite office. *Id.* at 412-13. However, in that instance, the satellite office address was the sole address the defendant had listed in its contract with the plaintiff. *Id.* Moreover, the defendant had registered the satellite office address with the secretary of state as the correct address for service of process. *Id.* Safety Vision has made no showing that Lanner held out the Canada office as its primary address in any agreement,[3] nor that Lanner registered the Canada address with the Texas secretary of state. While *Leedo* indicates that a satellite office may be the proper address for service under certain circumstances, those circumstances are not present here.

This reading is consistent with the fact that Texas courts require "strict compliance with the requirements of the Long Arm statute." *UNL Inc. v. Oak Hills Photo Finishing, Inc.*, 733 S.W.2d 402, 404 (Tex. App. 1987); *Verges v. Lomas & Nettleton Fin. Corp.*, 642 S.W.2d 820, 821 (Tex. App. 1982); *Alpha Guard, Inc. v. Callahan Chem. Co.*, 568 S.W.2d 448, 449 (Tex. Civ. App. 1978). This rule effectuates the state's "strong policy that defendants ought not to be cast in personal judgment without notice." *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 97 (Tex. 1973). Following this austere approach, Texas courts have found service at a defendant's "last known

---

[3] To the contrary, the ODM Agreement lists the Canada address as LEI's head office, not Lanner's. ECF No. 55-1 at 2. In fact, Lanner does not appear to be a party to the contract, as the sole signatories are LEI and Safety Vision. *Id.* at 9.

address" is not equivalent to a defendant's "home address." *See, e.g.*, *Verges*, 642 S.W.2d at 822. In accord with this reasoning, the Court finds that "an office" is not equal to one's "home office," absent evidence like that presented in *Leedo*.

Next, Safety Vision argues that its service was adequate because Lanner received notice of the litigation. However, "[a]ctual notice to a defendant, without proper service, is not sufficient . . . . Rather, jurisdiction is dependent upon citation issued and service in a manner provided for by law." *Wilson v. Dunn,* 800 S.W.2d 833, 836 (Tex. 1990). Evidence that Lanner was in fact notified of this suit does not satisfy Safety Vision's service obligations. Ultimately, because Safety Vision had the secretary of state forward the petition to the incorrect address, Lanner was not properly served. *See Comm'n of Conts. of Gen. Exec. Comm. of Petroleum Workers Union of Republic of Mexico v. Arriba Ltd.*, 882 S.W.2d 576, 585-86 (Tex. App. 1994) (finding that service is improper if the secretary of state sends the citation and petition to the nonresident defendant using an incorrect address for the defendant).

Having found that service was improper, the Court must now assess whether dismissal is appropriate. Safety Vision argues that it should be granted leave to serve Lanner instead of having its claims against Lanner dismissed. The Court disagrees. "Because 'district courts need to be able to control their dockets,' Rule 4(f) authorizes a without-prejudice dismissal when the court determines in its discretion that the plaintiff has not demonstrated reasonable diligence in attempting service." *Lozano v. Bosdet*, 693 F.3d 485, 489 (5th Cir. 2012) (quoting *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005)). Safety Vision has not shown reasonable diligence in attempting service. This case was filed in state court on or around June 14, 2021. ECF No. 1. Yet, Lanner still has not been properly served over three years later. Since the beginning of this litigation, Safety Vision has understood that Lanner is a Taiwanese entity. *See, e.g.*, ECF No.

5 at 2 ("Lanner is a Taiwanese business entity."). In the Joint Discovery/Case Management Plan filed with the Court on January 18, 2022, Safety Vision represented that "[i]f Lanner does not make an appearance soon," Safety Vision would "take immediate steps to serve Lanner in Taiwan at its business office in New Taipei City, Taiwan." ECF No. 5 at 4. Yet, Safety Vision did not do so.

Moreover, grating Safety Vision leave to serve Lanner would cause serious delay. Safety Vision previously represented that "[t]he process to serve Lanner in Taiwan is estimated to take not less than nine (9) months." ECF No. 5 at 4. Trial in this matter is set for July 22, 2024, about a month and a half from now. Additionally, this litigation has already been subject to significant delay, and the Court has entertained numerous continuances. *See* ECF Nos. 10, 22; Minute Entry 9/5/2023; Minute Entry 12/28/2023. In light of the ongoing delays in this case and the lack of reasonable diligence in serving Lanner, the Court finds that dismissal is appropriate.

For the foregoing reasons, Lanner's Motion to Dismiss is **GRANTED**, and Safety Vision's claims against Lanner are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed at Houston, Texas on June 11, 2024.

                                                        Keith P. Ellison
                                                        United States District Judge